[No. 16649.    Department Two.    November 1, 1921.]

THE STATE OF WASHINGTON, *on the Relation of C. W. Gillespie, Appellant,* v. E. V. KUYKENDALL, *as Director of Public Works, Respondent.*[1]

PROHIBITION (15, 20, 37)—TO OFFICERS—WANT OR EXCESS OF JURISDICTION—RETURN OR ANSWER—EFFECT OF DEMURRER.  Prohibition lies against the director of public works where he is threatening, without or in excess of his jurisdiction, to accept insurance policies issued by an automobile insurance exchange which has no articles of incorporation and is not licensed to do business in the state, in violation of Laws 1921, p. 341, § 5, which requires for hire owners or operators to furnish security by an insurance company licensed to write liability insurance in the state of Washington, or a surety bond of a company licensed to write surety bonds in the state.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered July 9, 1921, upon sustaining a demurrer to the application, dismissing an action for a writ of prohibition.  Reversed.

*Troy & Sturdevant,* for appellant.

*The Attorney General, Raymond W. Clifford, Assistant,* and *VanDyke & Thomas,* for respondent.

HOLCOMB, J.—This is an appeal from a judgment of the lower court sustaining a demurrer to the application and affidavit of relator for a writ of prohibition and to restrain the director of public works from accepting liability policies and surety bonds from one Charles Sumner Best, and a concern called ''The Automobile Insurance Exchange.''

It is averred in relator's affidavit, among other things, that respondent, as the duly appointed, qualified and acting director of public works, is vested with the sole jurisdiction to enforce the provisions of chapter 111, p. 338, Laws of 1921, relating to the regulation

[1]Reported in 201 Pac. 778.

of motor propelled vehicles in the transportation of persons and property for compensation over any highway; and that § 5 of that law provides that the owner or operator of a motor propelled vehicle coming within the terms of such law must furnish security for the payment of recoveries up to certain amounts, on account of personal injuries or property damages, by filing with the director "liability and property damage insurance from an insurance company licensed to make liability insurance in the state of Washington, or a surety bond of a company licensed to write surety bonds in the state of Washington," on each motor-propelled vehicle.

After referring to certain provisions of the insurance code of the state of Washington, it is further averred that the director has ruled and announced that, as full compliance with § 5, ch. 111, p. 341, *supra,* he will permit and allow any owner or operator to file with him an original automobile policy issued to the owner or operator under and by reason of classification 13½ of § 6059-83, Rem. Code (P. C. § 2990), being motor vehicle insurance, providing there is endorsed on such policy certain provisions regarding the liability thereof, and not compel the giving of liability insurance as provided in § 5, ch. 111, *supra,* by a company licensed to write liability insurance in the state of Washington. The affidavit further avers that this relator is a subscriber to a certain instrument, a copy of which is attached to his affidavit and made a part thereof, by the terms of which Charles Sumner Best & Company was appointed attorney-in-fact with certain powers given under certain restrictions; that Best assumed the name of "The Automobile Insurance Exchange" as the name to be used upon policies of insurance to be issued; that the Automobile Insurance

Exchange is not a company licensed to do business in the state of Washington, and has no articles of incorporation or charter; that the Automobile Insurance Exchange and Best, as the attorney-in-fact of this subscriber and relator, has issued a number of automobile policies under subd. 13½ of § 6059-83, and the director has agreed to and will accept such automobile policies so issued out of the exchange, as full compliance with § 5, ch. 111, *supra;* that the exchange has no right or license to write liability insurance, nor has it any right or license to write the surety business under § 5, being subd. 5 of § 6059-83, as required by § 5, ch. 111, *supra;* that the threatened action of the director in taking such character of policies from Best or the Automobile Insurance Exchange, not being issued by a company licensed to write liability insurance or surety bonds in the state of Washington, is without and in excess of jurisdiction in the director, by the provisions of ch. 111 *supra;* that the threatened action on behalf of the director will be oppressive to the relator, and that plain, speedy and adequate remedy can only be had by writ of prohibition.

In the instrument subscribed by relator and attached to his affidavit as exhibit "A," denominated "Authority from the Subscribers," the only authority granted to issue insurance is as follows:

"To accept applications for and to make and issue policies of insurance on subscribers' property against loss or damage from any casualty, according to the printed and written conditions of the policy form of the Automobile Insurance Exchange, and motor vehicle bonds as required by Chapter 57, Session Laws of 1915, on form prescribed by statute, subject to the control of the subscriber as hereby provided for, and to make us severally liable for an amount not exceeding the amount herein set forth; provided no policy

of insurance shall be issued except to a subscriber of the Exchange or to a company or association by way of re-insurance as provided in the by-laws.''

An alternative writ of prohibition was issued made returnable June 27, 1921, and respondent appeared by the *Attorney General* on the return day and demurred to the application and showing on behalf of the relator. No answer or return to the alternative writ of prohibition was made other than by demurrer. The respondent stood upon his demurrer. On July 9, 1921, the court entered an order sustaining the demurrer and dismissing the action.

The only assignment of error on the part of appellant is that the court erred in sustaining the demurrer and dismissing the action.

In the briefs it is argued by respondent as if the case were here on a full return of facts, which is not the case. By standing upon the demurrer respondent admitted all of the allegations of fact in the complaint or affidavit, and that, among other things, avers that the Automobile Insurance Exchange and Charles Sumner Best have no license to write the kind of insurance and surety bonds that the director of public works has announced he will accept. It is also averred that the Automobile Insurance Exchange is not a company licensed to do business in the state of Washington, and has no articles of incorporation or charter.

Section 5, ch. 111, p. 341, Laws of 1921, directs and empowers the director of public works, in granting certificates to operate to any auto transportation company for transporting persons or property for compensation, to require the owner or operator to first procure liability and property damage insurance from a company licensed to make liability insurance in the state of Washington, or the surety bond of a company licensed to write surety bonds in the state of Wash-

ington, on each motor-propelled vehicle used or to be used in transporting persons and property for compensation, in an amount not to exceed $5,000 for any recovery for personal injuries by one person, and not less than $10,000, and such additional amount as he shall determine, for the persons receiving personal injury by reason of one act of negligence, and not to exceed $1,000 for damage to property of any person other than the insured; and to maintain such liability and property damage insurance or surety bond in force, etc.

There being no return or answer to the alternative writ of prohibition showing otherwise than as alleged in relator's affidavit and application, and the facts alleged being admitted by the demurrer, it is manifest that, if such facts are true, the director is acting and threatening to act without or in excess of his jurisdiction. In such case prohibition always lies.

Under the state of the record, we have no option but to reverse the judgment and remand it with instructions to overrule the demurrer and require respondent to make return and answer to the alternative writ of prohibition, and for further proceedings thereunder.

Reversed and remanded.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.