[No. 46960–1.   En Banc.   October 22, 1981.]

GILBERT BARNES, *Petitioner, v.* GERALD THOMAS, *as Acting Secretary of the Department of Social and Health Services, Respondent.*

*Elizabeth Schott* of *Evergreen Legal Services,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Frederick S. Staatz, Assistant,* for respondent.

HICKS, J.—The trial court refused to grant petitioner the writ of prohibition he sought to prevent DSHS from holding a hearing in regard to repaying the excess public assist-

ance he had received by not informing DSHS of social security benefits he was receiving. The Court of Appeals affirmed in a unanimous opinion. This court granted a petition for review.

For the third time the Department of Social and Health Services (DSHS) discovered that petitioner and his wife received an overpayment of public assistance or an overissue of food stamps. On the two prior occasions petitioner was notified by letters to which he did not respond. He responded to the third letter by requesting a hearing to which he is entitled under RCW 74.08.070. At the hearing he moved to dismiss on the ground that DSHS lacked jurisdiction. When the motion was denied, petitioner applied to the superior court for a writ of prohibition, which was also denied.

Petitioner appealed to Division One of the Court of Appeals, which affirmed the trial court's denial of the writ, holding that even though petitioner was not at the time on the rolls he was still a "recipient" of public assistance, thus giving DSHS jurisdiction. Further, the court held that petitioner had a plain, speedy and adequate remedy by appeal under the administrative procedure act from the DSHS hearing, thus the extraordinary writ was properly denied by the trial court.

We affirm.

■ First, we state the long established law that a writ of prohibition is an extraordinary remedy available only where the tribunal is clearly and inarguably acting in a matter where there is an inherent, entire lack of jurisdiction:

> the writ of prohibition will only issue where there is no adequate remedy by appeal or otherwise. *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn. (2d) 834, 199 P. (2d) 581 [1948]; Rem. Rev. Stat., § 1028 . . . But where the court is attempting to proceed entirely without jurisdiction, we have held that the remedy by appeal is inadequate and prohibition will lie. *State ex rel. Western Canadian Greyhound Lines* [Ltd.] *v. Superior Court,* 26 Wn. (2d) 740, 175 P. (2d) 640 [1946].

*State ex rel. Munro v. Superior Court,* 35 Wn.2d 217, 221,

212 P.2d 493 (1949). *See also Alaska Airlines, Inc. v. Molitor,* 43 Wn.2d 657, 263 P.2d 276 (1953); RCW 7.16.300.

Total and inarguable absence of jurisdiction cannot be adequately remedied by appeal. *State ex rel. Maurer v. Superior Court,* 122 Wash. 555, 211 P. 764 (1922); *State ex rel. Waterman v. Superior Court,* 127 Wash. 37, 220 P. 5 (1923). In the instant case, however, there is no clear absence of jurisdiction, and the appeal remedy is adequate to protect petitioner's interest. Petitioner is challenging DSHS jurisdiction over him, not over the subject matter of debts due on overpayment of public assistance. By appearing and requesting a hearing he may have waived that objection. But even had he not waived it, a writ of prohibition should not issue. As we said in *State ex rel. Martin v. Superior Court,* 101 Wash. 81, 92, 172 P. 257, 4 A.L.R. 572 (1918):

> Where, however, the question is whether the court, acting within the scope of its admitted jurisdiction, has acquired jurisdiction over the parties or the particular subject–matter, the writ will not issue.

Under the administrative procedure act, petitioner can appeal the jurisdictional issue following the hearing. Thus, the writ was correctly denied.

Our decisions in *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978) and *State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978), do not lead us to a further expansion of the availability of the remedy anytime there is questionable jurisdiction and an appeal would be inconvenient. Both *Houser* and *Mack* involved a clear absence of jurisdiction, based on the speedy trial rule requiring trial within 60 days or dismissal. This case does not involve a clear absence of jurisdiction. Issuance of the writ is a matter of discretion, and we find no abuse in the court's refusal to grant the remedy under these facts.

There is another equally valid reason why the court acted properly in refusing to issue a writ of prohibition. DSHS had the necessary authority to proceed as it did in this case.

Under RCW 74.08.070, as it was written at the time petitioner requested a hearing, a recipient feeling aggrieved by the decision of DSHS or its agent had the right to a fair administrative hearing. A "recipient" is defined in RCW 74.04.005(9) as

[a]ny person receiving assistance or currently approved to receive assistance at any future date . . .

Petitioner argues that because he was not receiving assistance when informed of the overpayment, he was not a "recipient", and therefore, DSHS cannot give him the hearing he requested. Further, petitioner argues, we should read the hearing statute, framed in terms of "recipient" defined as above, as not allowing the agency the authority to declare a debt owing from petitioner, or anyone who is no longer on the rolls, without going into court to establish it.

Petitioner's arguments are not persuasive. RCW 74.04-.300 contains a clear and unqualified grant of authority to the agency to declare an overpayment to be "a debt due the state" and further provides, without directing the choice, that these debts

may be recovered by the state by deduction from the subsequent assistance payments . . . or may be recovered by a civil action instituted by the attorney general.

■■ We do not believe the definitional statute was intended to narrow the jurisdiction or authority granted to the agency by RCW 74.04.300. The establishment of the overpayment is clearly within the province of DSHS under the statute. If an individual chooses to contest it, the forum to do so is provided by the hearing statute, RCW 74.08.070. We do not read the latter, together with the definition of the term "recipient", so narrowly as to preclude hearings for those parties who have been told they owe a debt but who are no longer on the rolls. To do so would ignore the fact that RCW 74.04.005(14) says that in the construction of words and phrases used in the title, "the present tense

shall include the past and future tenses, unless the context thereof shall clearly indicate to the contrary."

The statute defining "recipient", in the context of the entire chapter, leads us to read "recipient" in RCW 74.08-.070 as meaning someone having received public assistance. We do not believe that the definitional statute is intended to limit the agency's power to recoup overpayments. Nor are we persuaded to that view by the use of the term "ex-recipient" in RCW 74.20A.270, though it is true that the use of that term in RCW 74.08.070 would have been a clearer manifestation of legislative intent, and would not have necessitated this opinion.

As to collection of the debt, once established in a hearing or acknowledged by a recipient, DSHS would not elect to go the route of an administrative hearing rather than civil suit unless the agency expected that party would again be on the rolls. Otherwise, a deduction from subsequent assistance payments would not be possible and the debt would have to be collected in a civil action through attachment as suggested in RCW 74.04.300. We note that the recoupment of the debt must be within the 6–year statute of limitations as provided in RCW 74.04.305 and .306, which we read to mean within 6 years after a party is off the rolls.

The costs to government, and thus to taxpayers, of administering social welfare programs, should not be increased by a reading of RCW Title 74 which would require DSHS to go into court to establish an overpayment anytime it is discovered after someone is off the welfare rolls. It appears to us that the intent of the legislature was to confer authority on DSHS to determine a debt is owed the state, give the individual a hearing, and then proceed to collect the debt, if owed, through deductions from future payments, or if the individual is no longer collecting benefits, then through a civil collection action. This comports with due process and what we believe to be sound public policy.

The trial court and Court of Appeals are affirmed.

BRACHTENBACH, C.J., ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, and DIMMICK, JJ., and SWAYZE, J. Pro Tem., concur.