[No. 14214-1-III.    Division Three.    January 3, 1995.]

THE COUNTY OF SPOKANE, ET AL, *Defendants*, DONALD C. BROCKETT, *Appellant*, v. LOCAL #1553, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, ET AL, *Respondents*.

---

*Donald C. Brockett, Prosecuting Attorney*, and *Ronald P. Arkills, Deputy*, for appellant.

*Carl Maxey, Dennis C. Cronin*, and *Maxey Law Office*, for respondents.

MUNSON, J. — Members of Local 1553 work in the offices of the Spokane County assessor, treasurer, auditor, and prosecutor as well as various departments under the control of the county commissioners (the employers). On May 26, 1993, the members of Local 1553 (the employees) voted to go on strike, and on May 28, the president of Local 1553 requested a strike authorization from the State Council.

Also on May 28, upon learning of the employees' actions, Donald Brockett, Spokane County Prosecutor, together with

other employers, applied to the Spokane County Superior Court for an alternative writ of prohibition as provided in RCW 7.16.310. The application requested the court prohibit the employees "from striking or encouraging or aiding or abetting, monetarily or in any other way, or participating in any work stoppage, slow down, or concerted refusal to perform their respective duties . . .". The application was supported by affidavits from the employers stating a strike would harm the various county offices or departments. On the same date, a visiting judge, Judge Wallis W. Friel, granted the alternative writ and ordered the employees to appear and show cause why the prohibition should not be made absolute.

The hearing on the show cause order was held June 4, 1993, before Judge Richard Miller. Judge Miller denied the employers' request to make the writ absolute, finding the employers had other adequate remedies. On June 9, the employees called a strike which lasted until June 15. On August 13, Judge Miller signed the written order denying the writ requested by the employers. Mr. Brockett appeals from that order.

We first address the employees' argument that the case is moot. They point out that not only had they gone on strike, but they had resumed work before the trial court entered its written order. They assert they are not now on strike or threatening to strike.

The term "moot" has been applied to cases in which rights have expired due to lapse of time and cases in which no judgment rendered could be put into effect. *In re Marriage of Irwin*, 64 Wn. App. 38, 59, 822 P.2d 797, *review denied*, 119 Wn.2d 1009 (1992). Here, the challenged action is the denial of the writ of prohibition. The writ was not limited to the strike threatened at the time, but if granted, would have restrained the employees from striking at any time in the future. If the writ was granted now, the employees would also be restrained from striking in the future. Mr. Brockett's rights have not expired due to lapse of time; the remedy he requested could still be put into effect. Consequently, the issue is not moot.

■■ Mr. Brockett contends the trial court erred in failing to make absolute the writ of prohibition. We review the trial court's denial of the writ under the abuse of discretion standard and consider "the character and function of the writ of prohibition, and consider all the facts and circumstances shown by the record". *State ex rel. O'Brien v. Police Court*, 14 Wn.2d 340, 348, 128 P.2d 332, 141 A.L.R. 1257 (1942).

The common law writ of prohibition is of ancient origin. 73 C.J.S. *Prohibition* § 3 (1983). The writ was one of the extraordinary remedies, a coercive writ issued by a court of law rather than a court of equity.[1] 1 Dan B. Dobbs, *Remedies* § 2.9(1), at 226 (2d ed. 1993). The purpose of the common law writ is to restrain the exercise of unauthorized judicial or quasi-judicial power. *Winsor v. Bridges*, 24 Wash. 540, 542, 64 P. 780 (1901). It does not apply to acts of an executive, administrative, or legislative nature.[2] *Winsor*, at 542-43.

■ Washington has also enacted a statutory writ of prohibition. RCW 7.16.290. A court's powers under the statutory writ are broader than under the common law writ. Under the statutory writ, the actions of "any tribunal, corporation, board or person, whether they are acting in a judicial, legislative, executive, or administrative capacity, may be arrested, if acting in excess of their power". *Winsor*, at 543. Two conditions must be met to grant the writ: (1) the party to whom the writ is directed must be acting without or in excess of its jurisdiction; and (2) there must be an absence of a plain, speedy, and adequate remedy in the ordinary course of legal procedure. *In re Jones*, 39 Wn.2d 956, 958, 239 P.2d 856 (1952). The writ may be issued where it appears the person to whom it is directed is about to act in excess of his or her jurisdiction. *State ex rel. Gillespie v. Kuykendall*, 117 Wash. 415, 419, 201 P. 778 (1921); *Harris v. Brooker*, 8 Wash. 138, 139, 35 P. 599 (1894).

---

[1]The extraordinary remedies also included the writs of mandamus, habeas corpus, certiorari, and quo warranto.

[2]Under Const. art. 4, § 4, the Supreme Court's constitutional power is limited to the common law writ of prohibition as a matter of original jurisdiction; it does not have the constitutional power to issue the statutory form of the writ; it has only appellate and revisory jurisdiction. *Winsor*, at 547.

The first requirement for a statutory writ of prohibition is that the party to whom it is directed must be acting, or about to act, in excess of his jurisdiction. Here, the employers allege a strike by the employees would be an act outside their "jurisdiction" because strikes by public employees are contrary to law in Washington. Strikes by public employees are in fact illegal,[3] but that does not necessarily mean a strike would be outside the "jurisdiction" of the employees. "Jurisdiction" as used in the context of the writ of prohibition does not encompass such a situation.

One of the ways in which a writ of prohibition differs from an injunction is that the writ of prohibition does not issue against private persons. Lennart V. Larson, *Administrative Determinations and the Extraordinary Writs in the State of Washington*, 20 Wash. L. Rev. 81, 90 (1945). A review of the cases under the statute indicates the writ has been applied to prohibit acts done under color of the office or position of the party to whom the writ was directed. There is no indication the county employees intended the strike to be an official act, or one done as part of their official duties. Rather, the strike by the employees was a personal act.

The historical purpose of the writ was to prevent an encroachment of jurisdiction. 73 C.J.S. *Prohibition* § 3 (1983). A strike by the employees would not enlarge the powers of their positions. Additionally, in defining the statutory writ of prohibition, RCW 7.16.290 states the writ "is the counterpart of the writ of mandate". A writ of mandate may be issued only "to compel the performance of an act *which the law especially enjoins as a duty resulting from an office, trust or station*, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled . . .." (Italics ours.) RCW 7.16.160. The writ of mandate will not lie to compel a general course of conduct, only specific acts. *Walker v. Munro*, 124 Wn.2d 402, 407-09, 879 P.2d 920 (1994); *State ex rel. Hawes v. Brewer*, 39 Wash. 65,

---

[3]*See, e.g., Burke & Thomas, Inc. v. International Org. of Masters, Mates & Pilots*, 92 Wn.2d 762, 771, 600 P.2d 1282 (1979); *Roza Irrig. Dist. v. State*, 80 Wn.2d 633, 638, 497 P.2d 166 (1972).

67-68, 80 P. 1001 (1905). By analogy to the writ of mandate, the writ of prohibition should only lie to prohibit an act done under the color of an office, trust, or station.

█ Also, although the writ requested here is framed as a writ of prohibition, it is the equivalent of a writ compelling a continuing general course of conduct. If granted, the writ would forever prevent the employees from striking. It is not directed at a specific act or limited to a specific period of time. We do not believe a strike by the employees would have been an act in excess of their "jurisdiction". The employers have not shown the first condition for granting the writ was met.

The second requirement for a statutory writ of prohibition is that there be no other "plain, speedy and adequate remedy in the ordinary course of law". RCW 7.16.300. The employees argue the employers could have referred the labor dispute to the Washington Public Employment Relations Commission (PERC). However, in its published decisions, PERC has stated it has no jurisdiction in strike situations. *Green River Comm'ty College v. Green River United Faculty Coalition*, Pub. Empl. Relations Comm'n Dec. 4008 CCOL (1992); *Fort Vancouver Regional Library v. Washington Pub. Employees Ass'n,* Pub. Empl. Relations Comm'n Dec. 2350A PECB (1986). We do not decide whether PERC has jurisdiction; the mere fact it declines to accept jurisdiction in such cases would preclude referral to PERC as a plain, speedy, and adequate remedy.

█ The employees also argue the employers could have resorted to a temporary restraining order or injunction. In response, the employers assert an injunction would be unavailable until they had suffered irreparable harm. This is not so. Although a temporary restraining order, which is issued without notice to the adverse party, requires a showing of irreparable harm, CR 65(b), neither the injunction statute nor the civil rules require a showing of irreparable harm to obtain an injunction where the adverse party is given notice. RCW 7.40.020, .050; CR 65(a), (d); *see Boeing*

*Co. v. Sierracin Corp.*, 108 Wn.2d 38, 62-63, 738 P.2d 665 (1987). A party seeking an injunction must show

(1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in *or will result* in actual and substantial injury to him.

(Italics ours.) *Port of Seattle v. International Longshoremen's & Warehousemen's Union*, 52 Wn.2d 317, 319, 324 P.2d 1099 (1958). The harm need not be irreparable, nor must the injury already have occurred to get an injunction. The employers have not shown that injunctive relief would not have been speedy and adequate. Delay, expense, annoyance, or even some hardship does not always make a remedy inadequate. *O'Brien*, at 347. The writ of prohibition is a drastic remedy, and the adequacy of other remedies lies in the sound discretion in which the proceeding is instituted. *State ex rel. Ernst v. Superior Court*, 198 Wash. 133, 135, 87 P.2d 294 (1939); *O'Brien*, at 348. Here, there is no evidence the trial court abused that discretion.

We affirm the court's denial of the writ.

THOMPSON, C.J., and SWEENEY, J., concur.