[No. 19295-4-III.   Division Three.   January 16, 2001.]

THE CITY OF MOSES LAKE, *Respondent*, v. GRANT COUNTY BOUNDARY REVIEW BOARD, ET AL., *Appellants*.

*John D. Knodell, Prosecuting Attorney*, and *Stephen J. Hallstrom, Deputy*; and *Clark B. Snure* and *Brian K. Snure* (of *Snure Law Office*), for appellants.

*Michael M. Wyman* (of *Lamargie & Whitaker*), for respondent.

KATO, J. — The Grant County Boundary Review Board[1] and Grant County Fire Protection District No. 5 appeal a peremptory writ of prohibition preventing the boundary review board from assuming jurisdiction over an annexation proposal submitted by the City of Moses Lake. We conclude the City failed to exhaust its administrative remedy and reverse the superior court's decision.

On November 22, 1999, the City hand-delivered to the boundary review board's clerk a notice of intention to annex the Wheeler Corridor, a 2,100-acre area adjacent to the city. The clerk forwarded the proposal to the county's public works department for verification of the legal description. In a letter received on December 15, 1999, the public works department notified the clerk that it determined the legal description was proper.

Pursuant to the boundary review board's rules of proce-

---

[1] The action also names as defendants the individual members of the boundary review board. We refer to them collectively as the boundary review board or the board.

dure, the board's clerk assigned to the City's proposal a file date of December 15, 1999. The clerk notified various affected agencies (including the fire district) of the annexation proposal and requested a response by December 31, 1999, even though RCW 36.93.100(2) and the board's rules provide for a 45-day period during which an affected governmental entity may request that the boundary review board review the proposal. The City apparently did not receive a copy of this letter.

In a letter dated December 21, 1999, the fire district notified the clerk it would not be able to comply with the clerk's request for a response by December 31 but noted it had 45 days to challenge the annexation proposal. The fire district's attorney spoke to the clerk and was told that the "official" filing date for the proposal was December 15, 1999. The fire district formally requested that the board review the proposal in a letter dated January 13, 2000, and received by the board on January 19, 2000. The board's clerk determined that the fire district's request was within the 45-day period and scheduled hearings on the annexation proposal. The clerk notified various parties (including the City) of these events in a memorandum dated January 26, 2000.

The City responded in a letter dated January 27, 2000, contending the 45-day period had expired on January 6, 2000, and asking the boundary review board to dismiss the fire district's request for review as untimely. The board's clerk responded by a letter dated February 9, 2000, stating in pertinent part:

> The [boundary review board] does not intend to dismiss the petition of Grant County Fire District No. 5 (District) requesting that the [boundary review board] invoke jurisdiction based merely on your letter. As you are fully aware, the District disagrees with the City's position. It would be helpful to the [boundary review board] if your motion and supporting declaration, including a brief, were filed. Both parties cite to the same case as authority for their respective positions.
>
> It is the [boundary review board's] intention to schedule a

motion hearing, and a hearing on the ultimate issue. Given your reference to litigation, it would be prudent for the [boundary review board] to issue a written ruling. If it turns out that the City's motion is dispositive, then the previously scheduled hearing would be canceled. . . .

. . . Notwithstanding my earlier statement as to the [boundary review board's] preference to have [two] hearings, we are interested in your thoughts on whether the potential[ly] dispositive motion should be heard at the same time as the hearing, if necessary, and a briefing schedule.

The City initiated this action on March 9, 2000, by filing a "verified petition for writs of prohibition and complaint for declaratory judgments." The fire district was permitted to intervene in the action. The superior court denied the boundary review board's motion to dismiss the action and entered a peremptory writ of prohibition, finding that the City had filed a sufficient and complete notice of intention to annex the Wheeler Corridor on November 22, 1999, and that the boundary review board had not received a request for review within the required 45-day period. The court concluded the boundary review board thus lacked jurisdiction and statutory authority to conduct hearings on the annexation proposal. The writ "permanently and absolutely restrained and enjoined" the boundary review board from conducting any further hearings or taking any further action on the Wheeler Corridor annexation proposal.

■ As a preliminary matter, we address the City's contention that this appeal should be dismissed as moot. The City has appended to its brief copies of documents indicating it has completed the annexation. These documents are not part of the appellate record and may not be considered. *See Tornetta v. Allstate Ins. Co.*, 94 Wn. App. 803, 808-09, 973 P.2d 8, *review denied*, 138 Wn.2d 1012 (1999); RAP 10.3(a)(5).

■ Even if these facts were before the court on appeal, moreover, the matter is not moot. An issue is moot when "a court can no longer provide effective relief." *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). The City

has cited no authority for its contention that a reversal here would not affect the City's annexation. In fact, our reversal of the superior court's action permits the boundary review board to assume jurisdiction over the annexation proposal. We thus are able to provide effective relief, and the issue is not moot.

■ We now address the dispositive issue. The writ of prohibition is an extraordinary remedy that is proper only when: "(1) a state actor is about to act in excess of its jurisdiction and (2) the petitioner does not have a plain, speedy and adequate legal remedy." *Brower v. Charles*, 82 Wn. App. 53, 57, 914 P.2d 1202 (1996) (citing *Spokane County v. Local 1553, Am. Fed'n of State, County & Mun. Employees*, 76 Wn. App. 765, 768, 888 P.2d 735 (1995)), *review denied*, 130 Wn.2d 1028 (1997). "A remedy is not inadequate merely because it is attended with delay, expense, annoyance, or even some hardship. There must be something in the nature of the action that makes it apparent that the rights of the litigants will not be protected or full redress will not be afforded without the writ." *City of Kirkland v. Ellis*, 82 Wn. App. 819, 827, 920 P.2d 206 (1996) (citing *State ex rel. O'Brien v. Police Court*, 14 Wn.2d 340, 347-48, 128 P.2d 332 (1942)).

■ A writ of prohibition generally will not lie when the aggrieved party has an adequate appellate remedy. *See Mut. of Enumclaw Ins. Co. v. Human Rights Comm'n*, 39 Wn. App. 213, 217, 692 P.2d 882 (1984) (citing *Barnes v. Thomas*, 96 Wn.2d 316, 319, 635 P.2d 135 (1981)); *but see Spokane County v. State*, 136 Wn.2d 644, 966 P.2d 305 (1998) (union members not required to exhaust administrative remedies before judicially challenging jurisdiction of Public Employment Relations Commission).

■ The City concedes here that it had a right to obtain judicial review of a decision by the boundary review board. *See* RCW 36.93.160(5)-(6). It contends, however, that it should not be required to "wait for the [boundary review board] to make an adverse decision which it had no jurisdiction or authority to render." Br. of Resp't at 15. The City

points out that a party is not required to exhaust administrative remedies when there is a "[t]otal and inarguable absence of jurisdiction." *Barnes*, 96 Wn.2d at 319; *see City of Kirkland*, 82 Wn. App. at 827-28 (appeal not adequate remedy if reversal would be "unquestioned").

As the boundary review board recognized, the issue here turns on the appropriate interpretation of a single case, and the resolution is hardly inarguable. Although ultimately the City's interpretation may prevail, the boundary review board should be permitted to make the decision in the first instance, particularly when the issue involves the proper construction of its own procedural rule. The superior court thus erred in concluding the City had no adequate remedy at law. The City should have been required to make its case with the administrative body and then, if necessary, obtain judicial review as provided by RCW 36.93.160(5).[2]

Reversed.

BROWN, A.C.J., and EITZEN, J. Pro Tem., concur.

Review denied at 144 Wn.2d 1003 (2001).

---

[2] The boundary review board seeks reasonable attorney fees and costs on appeal. However, the board has not identified what "applicable law" entitles it to such an award. *See* RAP 18.1(a). The request is denied.