144 P.3d 345 (2006)
In re The Jurisdiction of The King County Hearing Examiner To Review the Adequacy of the Brightwater Supplemental Environmental Impact Statement.
KING COUNTY, through the WASTEWATER TREATMENT DIVISION of the KING COUNTY DEPARTMENT of NATURAL RESOURCES and PARKS, Appellants,
v.
King County Hearing Examiner and the Sno-King Environmental Alliance, a Washington nonprofit corporation, Respondents.
No. 57930-4-I.
Court of Appeals of Washington, Division 1.
October 2, 2006.
Publication ordered October 3, 2006.
*346 John Tayloe Washburn, Richard L. Settle, Patrick J. Mullaney, Patrick John Schneider, Foster Pepper PLLC, Seattle, WA, for Appellants.
Cassandra Newell, Office of the Prosecuting Attorney, John Richard Aramburu, Attorney at Law, Seattle, WA, for Respondents.
COLEMAN, J.
¶ 1 King County's Wastewater Treatment Division of the Department of Natural Resources and Parks ("Wastewater") began plans to build a wastewater treatment facility, and the project underwent environmental analysis under the State Environmental Policy Act (SEPA). A citizens' group has pursued administrative appeals of multiple environmental impact statements that have been published over the course of this project. Earlier this year, Snohomish County issued a permit to begin construction of the facility and stated that adverse environmental impacts would be mitigated under its development ordinances and the SEPA analysis documents, barring further administrative appeals under SEPA. Wastewater moved for a writ of prohibition to prevent the citizens from pursuing a SEPA administrative appeal, and the trial court denied the writ. Because we conclude that the hearing examiner does not have jurisdiction to hear the citizens' administrative appeal, Wastewater does not have an adequate remedy and the trial court erred in denying the writ of prohibition.

FACTS
¶ 2 Wastewater began plans to construct a treatment plant in southern Snohomish County, just north of Woodinville near State Route 9 (the "Route 9 site"), in 1999. Pipelines will convey raw sewage to this plant and other lines will convey the treated wastewater to an outfall into Puget Sound near Edmonds. SEPA, chapter 43.21C RCW, required an environmental impact statement (EIS) be prepared for this plant proposal. Wastewater issued a draft EIS in November 2002 that included analysis of seismic conditions and geotechnical features of the Route 9 site. After this draft EIS was published, Wastewater became aware that the United States Geological Survey and the University of Washington were conducting research on the mainland extension of the South Whidbey Island Fault zone.
¶ 3 In November 2003, Wastewater issued the final EIS. At this time, the research into the South Whidbey Island Fault zone indicated that the fault was no closer than 0.74 miles from the Route 9 site and that the fault zone did not pose a significant risk of ground acceleration or surface rupture to the proposed structures at the site. In December 2003, King County Executive Ron Sims selected the Route 9 site for the wastewater treatment plant.
¶ 4 In January 2004, Sno-King Environmental Alliance (SKEA), an incorporated association whose members are opposed to the construction of the treatment plant in their neighborhood, filed an appeal with the King County Hearing Examiner, challenging the adequacy of the final EIS. In March 2004, the United States Geological Survey issued a report with new information about the area around the Route 9 site and noted the presence of a geologic anomaly on the northern *347 portion of the site, known as "Lineament 4," that might have been caused by past seismic activity.
¶ 5 In August 2004, the hearing examiner upheld the adequacy of the final EIS. The hearing examiner specifically stated that his jurisdiction was limited to deciding the adequacy of the final EIS at the time it was issued (November 2003)such that he did not consider any evidence that arose after that time to determine whether the final EIS was adequate when it was issued.
¶ 6 Although he had stated these limitations on his jurisdiction, the hearing examiner went on to address the information that had been released after the final EIS had been published, opining that such new information might make the final EIS inadequate. The hearing examiner ordered Wastewater to conduct additional investigative trenching at the Route 9 site and to prepare a supplemental EIS if a seismic fault were found.
¶ 7 Wastewater, under protest, complied with the hearing examiner's decision by trenching Lineament 4. The trenching revealed the presence of a fault on the northern portion of the Route 9 site, an area where no new structures were to be built.
¶ 8 The hearing examiner's decision was appealed by both SKEA and Wastewater to the King County Superior Court. In June 2005, the court upheld the adequacy of the final EIS and concluded that because Wastewater had trenched Lineament 4 and prepared a supplemental EIS, its claim that the hearing examiner exceeded his jurisdiction in ordering the trenching was moot. The court specifically noted, however, that Wastewater could raise this jurisdictional argument in any future proceedings in the case. SKEA did not appeal this decision. Wastewater prepared a supplemental EIS using a worst-case analysis and published it in July 2005. SKEA and Snohomish County appealed the adequacy of this final supplemental EIS in August 2005.
¶ 9 In October 2005, Wastewater brought a dispositive motion, asking the hearing examiner to dismiss SKEA's administrative appeal on the same jurisdictional grounds argued here. This dispositive motion was denied in December 2005. Later that month, Wastewater filed a verified complaint for a writ of prohibition, writ of review, constitutional writ of certiorari, and stay with the King County Superior Court seeking to restrain the hearing examiner from continuing to hear SKEA's appeal. Wastewater also filed an application for alternative writ of prohibition to the King County hearing examiner and a motion to shorten time for application for writ of prohibition. The trial court conducted a show cause hearing that was attended by two members of SKEA and the prosecutor who represented the hearing examiner. The court granted the motion to shorten time and issued an alternative writ of prohibition to the King County hearing examiner. The alternative writ gave SKEA 14 days to obtain counsel and confer about a hearing schedule.
¶ 10 On December 30, 2005, SKEA's counsel appeared on behalf of SKEA, and less than a week after that, SKEA filed its motion to quash the alternative writ of prohibition, to dissolve the stay and to award attorney fees. Wastewater filed a response, and the court heard oral arguments on January 13, 2006. At the conclusion of the hearing, the court ordered the parties to provide additional briefing and to return for additional argument on the merits.
¶ 11 Meanwhile, during the time it had been litigating with SKEA, Wastewater negotiated with Snohomish County regarding its appeal of the supplemental EIS and entered into a settlement agreement in November 2005. On November 1, 2005, Wastewater applied for approval of a binding site plan for the treatment facility to Snohomish County. In December 2005, Snohomish County determined that the existing final EIS and supplemental EIS, together with the additional regulations provided by the county's seismic ordinance (adopted under the Growth Management Act), were adequate for the permitting decisions it will make for the Route 9 project.
¶ 12 On March 3, 2006, after additional briefing, the court heard argument from Wastewater, the hearing examiner, and SKEA. The court decided that the issues of the hearing examiner's jurisdiction should be addressed in an appeal brought after the *348 hearing examiner conducted the administrative appeal at issue.
¶ 13 On March 24, 2006, the trial court entered its final order denying writ of prohibition and dissolving stay, which is the order on appeal here. Wastewater filed a notice of appeal that day, and upon its motion, the court stayed the enforcement of its final order so that Wastewater could seek a stay in this court.
¶ 14 On March 27, 2006, Wastewater filed an emergency motion for stay in this court. A commissioner granted Wastewater's request for a stay on April 3, 2006. SKEA filed a motion to modify this ruling, asking this court to dissolve the stay, but this motion was denied. Wastewater is pursuing this appeal to prevent the hearing examiner from conducting an administrative appeal, for the reasons discussed below.

STANDARD OF REVIEW
¶ 15 Writs of prohibition are reviewed for abuse of discretion, and reviewing courts consider "the character and function of the writ of prohibition together with all the facts and circumstances shown by the record." City of Olympia v. Bd. of Comm'rs, 131 Wash.App. 85, 91, 125 P.3d 997 (2005); see also County of Spokane v. AFSCE, 76 Wash.App. 765, 768, 888 P.2d 735 (1995). "A writ of prohibition is a drastic remedy that is proper only when: (1) it appears the body to whom it is directed is about to act in excess of its jurisdiction; and (2) the petitioner does not have a plain, speedy, and adequate remedy in the ordinary course of law." City of Olympia, 131 Wash.App. at 91, 125 P.3d 997. It must be clear and inarguable that the body to which a writ of prohibition is directed entirely lacks jurisdiction. Barnes v. Thomas, 96 Wash.2d 316, 635 P.2d 135 (1981).
¶ 16 Thus, to determine whether the trial court abused its discretion when it denied the writ of prohibition, we must decide (1) whether it is clear and inarguable that the hearing examiner lacks jurisdiction to hear SKEA's administrative appeal and (2) whether Wastewater lacks an adequate remedy by appeal or otherwise.

ANALYSIS
The Hearing Examiner's Jurisdiction
¶ 17 Wastewater argues that there are three reasons why the hearing examiner does not have jurisdiction to rule on the adequacy of the supplemental EIS, and thus, it met the first requirement for a writ of prohibition. We agree.
1. The hearing examiner had no jurisdiction to order Wastewater to trench in the first place
¶ 18 Wastewater argues that the hearing examiner's jurisdiction was limited to determining the adequacy of the final EIS and did not extend to directing the agency to trench and prepare a supplemental EIS if the trenching revealed a seismic fault.
¶ 19 The King County Code (KCC) created the office of the hearing examiner, delegating to the hearing examiner limited authority to, inter alia, conduct hearings and make findings and conclusions to the Metropolitan King County Council as to appeals of SEPA administrative decisions or determinations. KCC § 20.24.080(A)(1). The Code goes on to state that the hearing examiner may
grant or deny the application or appeal, or the examiner may grant the application or appeal with such conditions, modifications and restrictions as the examiner finds necessary to make the application or appeal compatible with the environment and carry out applicable state laws and regulations, including chapter 43.21C RCW, and . . . official laws, policies and objectives of King County. . . .
KCC § 20.24.080(B). Wastewater argues that this provision does not give the hearing examiner the authority to deny an appeal with conditions. The hearing examiner denied the appeal because the final EIS was adequate, but then went on to order a supplemental EIS only because of information that came to light after the final EIS was published. According to Wastewater, the agency itself (not the hearing examiner) had the exclusive right to decide whether a supplemental EIS was required:

*349 Any agency acting on the same proposal shall use an environmental document unchanged, except in the following cases:
. . . .
(b) For . . . EISs, preparation of a new threshold determination or supplemental EIS is required if there are:
. . . .
(ii) New information indicating a proposal's probable significant adverse environmental impacts. . . . A new threshold determination or SEIS is not required if probable significant adverse environmental impacts are covered by the range of alternatives and impacts analyzed in the existing environmental documents.
WAC 197-11-600(3)(b)(ii). This regulation does not grant the hearing examiner the authority to order a supplemental EIS, but directs the agency to determine whether a supplemental EIS is required.
¶ 20 Wastewater also cites King County Public Rules and Regulations PUT 7-4[1] as prohibiting the hearing examiner's exercise of jurisdiction to order trenching and the preparation of a supplemental EIS. This rule states that "the matters to be reviewed by the Hearing Examiner are limited to the validity of the challenged DNS [Determination of Nonsignificance] (i.e., whether an EIS is required) or the adequacy of the challenged final EIS." Former King County Pub. R. & Regs. PUT 7-4 § 6.2.8.11 (2003). Because this rule does not grant the hearing examiner the authority to order trenching or a supplemental EIS, Wastewater argues that the hearing examiner exceeded his limited jurisdiction.[2]
¶ 21 The hearing examiner points to a different section of this Public Rule to support his exercise of authority: "The Hearing Examiner may affirm, reverse, remand or modify the responsible official's decision consistent with applicable state laws and regulations." Former King County Pub. R. & Regs. PUT 7-4 § 6.2.8.12 (2003). The hearing examiner characterizes his order to trench and perhaps prepare a supplemental EIS as a remand to Wastewater, in compliance with a regulation that requires that "[i]f information on significant adverse impacts essential to a reasoned choice among alternatives is not known, and the costs of obtaining it are not exorbitant, agencies shall obtain and include the information in their environmental documents." WAC 197-11-080(1) (emphasis added). Wastewater again stresses that this regulation specifically instructs agencies to prepare supplemental documents and does not grant authority to the hearing examiner to order such supplemental documents to be prepared.
¶ 22 The hearing examiner denied the appeal (because he found the final EIS was adequate), yet appeared to condition this denial on the publication of a supplemental EIS. The KCC states that the hearing examiner can grant an appeal with conditions, but does not give the examiner the authority to deny an appeal with conditions. The statutory scheme vests in the lead agency the authority to determine how to handle newly acquired information, and the hearing examiner here usurped this authority by determining Wastewater's course of action. On this basis alone, the hearing examiner does not have jurisdiction to hear SKEA's administrative appeal because the hearing examiner exceeded his jurisdiction in ordering the trenching and supplemental EIS in the first place. But even assuming the hearing examiner had jurisdiction to order the trenching and supplemental EIS, there are two additional reasons why the hearing examiner lacks jurisdiction to hear SKEA's administrative appeal, thus necessitating a writ of prohibition.
*350 Wastewater's permit application halts SKEA's administrative appeal
¶ 23 Wastewater argues that because it has applied for a permit to build on the Route 9 site, SKEA is statutorily prohibited from appealing the adequacy of the supplemental EIS. SKEA and the hearing examiner argue that if Wastewater's filing of a permit halted the appeal process, it would waste the resources of all parties involved and erode the public's confidence in the appeal process.
¶ 24 Most SEPA determinations cannot be appealed separately, but must be consolidated with the hearing or appeal of the underlying governmental action. RCW 43.21C.075 (1), WAC 197-11-680(a)(v).
Because a major purpose of this chapter is to combine environmental considerations with public decisions, any appeal brought under this chapter shall be linked to a specific governmental action. The State Environmental Policy Act provides a basis for challenging whether governmental action is in compliance with the substantive and procedural provisions of this chapter. The State Environmental Policy Act is not intended to create a cause of action unrelated to a specific governmental action.
RCW 43.21C.075(1). One of the exceptions to this rule allows
[a]n appeal of a procedural determination made by an agency when the agency is a project proponent, or is funding a project, and chooses to conduct its review under this chapter, including any appeals of its procedural determinations, prior to submitting an application for a project permit [.]

RCW 43.21C.075(3)(b)(ii) (emphasis added).[3] Wastewater relies on this statutory and regulatory language barring administrative appeals once a permit has been filed to argue that even though SKEA's administrative appeal was filed before it filed for its permit from Snohomish County, the permit application halts all administrative appeals and the hearing examiner should dismiss the pending appeal.
¶ 25 SKEA and the hearing examiner argue that Wastewater had previously applied for and obtained multiple permits regarding the Route 9 site, yet did not argue that the hearing examiner was deprived of jurisdiction over administrative appeals until after SKEA's appeal of the supplemental EIS was filed. The hearing examiner argues that to allow a permit application to halt administrative appeals "would allow the proponent of any governmental project to set up an administrative appeal process, `test the waters' of the appeal, and unilaterally abort that process at any time simply by applying for a permit." Brief of Respondent King County Hearing Examiner, at 26-27.
¶ 26 But this argument ignores the general rule that SEPA determinations are not appealed separately, with few narrowly drawn exceptions. The hearing examiner also mischaracterizes Wastewater's position throughout the history of this case: Wastewater has consistently argued that the hearing examiner exceeded his jurisdiction in ordering the preparation of the supplemental EIS and therefore did not have jurisdiction over SKEA's administrative appeal of its adequacy. The trial court expressly preserved Wastewater's jurisdictional argument for appeal in its conclusions of law in SKEA's appeal of the adequacy of the final EIS.
¶ 27 Wastewater does not dispute that the supplemental EIS's notice of issuance stated that administrative appeals could be taken of its adequacy, and counsel admitted at oral argument that this was a mistake. But Wastewater argues that this document cannot confer jurisdiction on the hearing examiner because it is expressly prohibited by statute and regulation, and jurisdiction cannot be conferred by mistake, waiver, or estoppel.
¶ 28 We conclude that the statute and regulation allows Wastewater to halt the administrative appeals process upon applying for a permit because the statutory and regulatory language expressly demands this result. See Rozner v. Bellevue, 116 Wash.2d 342, 347, 804 P.2d 24 (1991) ("Where statutory language is plain and unambiguous, the statute's *351 meaning must be derived from the wording of the statute itself."). The hearing examiner and SKEA argue for the opposite result on policy grounds, but they fail to explain why the clear statutory and regulatory language does not mean what it says, and therefore, their arguments should be directed to the legislature. And it should be noted that halting the administrative appeals process does not foreclose all avenues for appeal, but merely ends the hearing examiner's jurisdiction over appeals. Thus, under RCW 43.21C.075(3)(b)(ii) and WAC 197-11-680(3)(a)(vi)(B), the hearing examiner lacks jurisdiction over SKEA's administrative appeal because Wastewater has applied for a project permit.
3. SKEA's administrative appeal would be redundant because of Wastewater's Development Agreement with Snohomish County
¶ 29 Last, Wastewater argues that its development agreement, wherein Snohomish County determined that potential environmental impacts will be analyzed and mitigated under its local development regulations and the existing final EIS and supplemental EIS, precludes redundant SEPA review of those impacts under RCW 43.21C.240. The hearing examiner argues that RCW 43.21C.240 attempts to only streamline the "threshold determination process," such that SEPA review can be avoided if mitigation is accomplished entirely through development regulations rather than the EIS process. But because Wastewater produced a final EIS and a supplemental EIS in compliance with SEPA, both of which will be relied upon by Snohomish County, the hearing examiner contends that SKEA maintains the right to appeal the adequacy of the supplemental EIS.
¶ 30 SEPA allows counties to determine that a project's environmental impact will be mitigated through its own development regulations, rather than through the EIS process, to meet SEPA requirements:
(1) If the requirements of subsection (2) of this section are satisfied, a county, city, or town reviewing a project action shall determine that the requirements for environmental analysis, protection, and mitigation measures in the county, city, or town's development regulations and comprehensive plans adopted under chapter 36.70A RCW, and in other applicable local, state, or federal laws and rules provide adequate analysis of and mitigation for the specific adverse environmental impacts of the project action to which the requirements apply. . . .
(2) A county, city, or town shall make the determination provided for in subsection (1) of this section if:
(a) In the course of project review, including any required environmental analysis, the local government considers the specific probable adverse environmental impacts of the proposed action and determines that these specific impacts are adequately addressed by the development regulations or other applicable requirements of the comprehensive plan, subarea plan element of the comprehensive plan, or other local, state, or federal rules or laws; and
(b) The local government bases or conditions its approval on compliance with these requirements or mitigation measures.
RCW 43.21C.240(1), (2) (emphasis added).
¶ 31 Snohomish County adopted a Development Agreement for construction of the treatment plant on the Route 9 site, and this agreement implements the county's newly adopted seismic ordinance. The agreement states that the seismic issues at the Route 9 site are adequately addressed by Snohomish County's development regulations and by the existing final EIS and supplemental EIS:
The Parties agree that the seismic investigation and mitigation set forth above constitutes reasonable and adequate seismic investigation and mitigation of seismic impacts of the Brightwater project for purposes of Snohomish County's existing Seismic Ordinance, applicable development regulations, the [building site plan] review process, and the building permit review process for the Brightwater project. Snohomish County further agrees that the existing SEPA documentation (the FEIS and the SEIS) and its discussion of seismic conditions at the Route 9 treatment plant site and along the conveyance line is reasonable *352 and adequate for the construction and operation associated with all Brightwater project permits and administrative approvals. No further environmental review is required under SEPA and Chapter 43.21C RCW or Chapter 30.61 SCC.
Wastewater argues that this provision means that SKEA's administrative appeal under SEPA is no longer available under RCW 43.21C.240.
¶ 32 The hearing examiner argues that this statute applies only to threshold determinations, which take place at the earliest stages of SEPA review, under WAC 197-11-158. This Department of Ecology regulation explains how a county or city may opt out of SEPA review if it determines that its own development regulations and comprehensive plan mitigate the adverse environmental impacts of a project, "[when] reviewing the environmental impacts of a project and making a threshold determination." WAC 197-11-158(1). Because the project here was beyond the earliest stages of SEPA review and the making of a threshold determination, the hearing examiner argues that it was too late in the process for Snohomish County to opt out of the SEPA review process. Because one of the documents that Snohomish County claims to be relying on is the subject of an appeal, the hearing examiner argues that Snohomish County cannot simply declare the supplemental EIS to be adequate for its purposes. According to the hearing examiner, Snohomish County's Development Agreement does not deprive him of jurisdiction to hear SKEA's administrative appeal because there is still a dispute over whether the supplemental EIS is adequate.
¶ 33 Wastewater disputes that RCW 43.21C.240 applies only to threshold determinations made at the earliest stages of SEPA review, pointing to RCW 43.21C.240(2)(a), which refers to decisions made "[i]n the course of project review, including any required environmental analysis." Although WAC 197-11-158 does refer to a county or city making a threshold determination, Wastewater argues that the regulation only sets out the procedure for opting out of SEPA review at that early stage, but does not prohibit opting out at a later time precisely because the statute refers to decisions made "in the course of project review." Because Snohomish County's decision to opt out of further SEPA review was made during the course of project review, Wastewater argues RCW 43.21C.240 applies and WAC 197-11-158 is essentially irrelevant. We agree. Under RCW 43.21C.240, the review process of the Route 9 project has become streamlined and no further administrative review is required.
¶ 34 Because RCW 43.21C.240 does not indicate any limits on when the decision to opt out of the SEPA review process must be made by a city or county, we conclude that this statute divests the hearing examiner of jurisdiction over SKEA's appeal of the adequacy of the supplemental EIS. Any SKEA appeal should have been taken of the adoption of the Development Agreement, not of the adequacy of the supplemental EIS, once the Development Agreement halted administrative appeals. With the Development Agreement in place, the hearing examiner no longer has jurisdiction over SKEA's administrative appeal.
¶ 35 Thus, for all of the reasons argued by Wastewater, the hearing examiner clearly lacks jurisdiction over SKEA's administrative appeal, and therefore, the first requirement for a writ of prohibition has been met.
Plain, Speedy, and Adequate Remedy in the Ordinary Course of Law
¶ 38 As to the second requirement for a writ of prohibition, Wastewater argues that an appeal on the issue of the hearing examiner's jurisdiction after a full hearing of the merits of SKEA's appeal is not a plain, speedy, and adequate remedy of law because the hearing examiner does not have jurisdiction to hear SKEA's appeal at allso Wastewater would have been required to delay the work on the treatment facility for a construction season (making it impossible for the project to be completed on time) and pay for an appeal that should not have occurred.
¶ 37 "A writ of prohibition generally will not lie when the aggrieved party has an adequate appellate remedy." City of Moses Lake v. Grant County Boundary Review Bd., *353 104 Wash.App. 388, 392, 15 P.3d 716 (2001). But "[t]otal and inarguable absence of jurisdiction cannot be adequately remedied by appeal." Barnes, 96 Wash.2d at 319, 635 P.2d 135. In Moses Lake, the city argued that it did not have an adequate appellate remedy because it should not be required to first exhaust administrative remedies when the administrative body clearly did not have jurisdiction. Moses Lake, 104 Wash.App. at 392-93, 15 P.3d 716. The court concluded that it was not clear that the administrative body did not have jurisdiction, and thus, Moses Lake should have been required to seek administrative review and then obtain judicial review, if necessary. Moses Lake, 104 Wash.App. at 393, 15 P.3d 716.
¶ 38 Wastewater, like the city in Moses Lake, argues that because the hearing examiner does not have jurisdiction, it does not have an adequate remedy in judicial review because it would have been forced to endure a costly and lengthy appeal that should never have occurred.
¶ 39 Because we conclude that the hearing examiner does not have jurisdiction over the appeal for all of the reasons argued by Wastewater, the agency would not have an adequate remedy after proceeding through an appeal before a hearing examiner without jurisdiction, under Barnes. Thus, we conclude that both requirements for a writ of prohibition were met here, and it was an abuse of discretion for the trial court to deny Wastewater's motion for the writ.
Appellate Attorney Fees
¶ 40 SKEA requests appellate attorney fees under RCW 4.84.370(1), which states:
[R]easonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision. . . .
Even assuming SKEA was the prevailing party here, this action is not an appeal of any of the types of actions listed in this statute. It is not an appeal of a decision by a county, city, or town, but an appeal of a trial court's denial of a writ of prohibition. Because RCW 4.84.370(1) does not apply to this appeal, and moreover, SKEA is not the prevailing party, we reject SKEA's request for appellate attorney fees.
¶ 41 For the foregoing reasons, we reverse and remand, ordering the trial court to issue a permanent writ of prohibition.
WE CONCUR: ELLINGTON and AGID, JJ.
NOTES
[1] This rule has been recently amended, but we refer to the version of the rule that was in effect during the proceedings below.
[2] We note that the hearing examiner would have been within his jurisdiction to review the supplemental EIS if it had been prepared under Wastewater's direction and was the final SEPA document produced for the project, assuming a permit application had not yet been filed. The issue here is not whether the hearing examiner could review the supplemental EIS, but whether the hearing examiner could uphold the adequacy of a final EIS while ordering Wastewater to trench and prepare a supplemental EIS if necessary.
[3] This exception is also found at WAC 197-11-680(3)(a)(vi)(B), using nearly identical language.