IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KURT A. BENSHOOF,<br><br>               Appellant,<br><br>               v.<br><br>CITY OF SEATTLE,<br><br>               Respondent. | No. 86467-0-I<br>(consolidated w/ Nos. 86468-8-I,<br>86469-6-I, and 86470-0-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — Kurt Benshoof challenges the superior court's denial of his four petitions for writs of prohibition against the City of Seattle. Benshoof fails to establish that the court abused its discretion when it denied his petitions. Therefore, we affirm.

FACTS

The City of Seattle filed numerous misdemeanor criminal charges against Benshoof for violations of its municipal code, including four counts of criminal trespass, two counts of stalking, one count of custodial interference, and more than 80 counts of violation of a protection order. While proceedings were ongoing, Benshoof filed four separate petitions for a writ of prohibition in superior court, requesting that the superior court order the City to dismiss all charges against him and cease its enforcement of bench warrants that had been issued for failure to appear. In all cases, the superior court determined that the Seattle Municipal Court had jurisdiction over Benshoof and Benshoof had access to "plain, adequate, and

speedy remedies for any errors" that occurred in his criminal cases. Accordingly, the superior court denied all four petitions.

Benshoof timely appealed the orders denying his petitions for the writs and corresponding findings of fact and conclusions of law. This court consolidated Benshoof's appeals for review.

ANALYSIS

Benshoof asserts that the trial court erred when it denied his petitions for writs of prohibition. Specifically, he claims that the superior court should have issued the writs he requested because the Seattle Municipal Court lacks jurisdiction to prosecute him.

We begin by clarifying the scope of this appeal by specifying what matters are and are not properly before us. The propriety of the court's orders in Benshoof's family law matter are not before this court, nor is the validity of any criminal convictions resulting from the charges filed in Seattle Municipal Court. Our review is generally limited to the orders designated by the appellant in their notice of appeal. *See* RAP 2.4(a). The orders Benshoof designated in his notices of appeal were only the superior court orders denying his petitions for writs of prohibition and the corresponding findings of fact and conclusions of law. Any orders entered in collateral matters are outside the scope of our review pursuant to the RAP.[1]

---

[1] Additionally, this court granted Benshoof's motion for an extension to file his reply brief and set September 5, 2025 as the new due date, over three months after the original deadline. Benshoof filed his reply brief on September 8, 2025. Therefore, his reply brief is untimely, and we decline to consider it. Further, Benshoof's motion for judicial notice, contained in his untimely reply

We review a trial court's decision on a petition for a writ of prohibition for an abuse of discretion. *In re Jurisdiction of King County Hr'g Exam'r*, 135 Wn. App. 312, 318, 144 P.3d 345 (2006). A trial court abuses its discretion if a decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Malvern v. Miller*, 24 Wn. App. 2d 173, 179, 520 P.3d 1045 (2022). A court's decision is manifestly unreasonable if it is outside the range of reasonable choices, given the facts and the applicable legal standard. *Id.*

Our State Supreme Court has explained that a writ of prohibition is "a legal order typically issued from a superior court to prevent an inferior court from exceeding its jurisdiction." *Riddle v. Elofson*, 193 Wn.2d 423, 428, 439 P.3d 647 (2019) (plurality opinion) (citing BLACK'S LAW DICTIONARY 1405 (10th ed. 2014)). It is an extraordinary remedy, which is meant "to be used with 'great caution and forbearance, for the furtherance of justice and to secure order . . . in judicial proceedings.'" *Id.* at 429 (quoting JAMES L. HIGH, EXTRAORDINARY LEGAL REMEDIES 709 (3d ed. 1896)). The writ is meant to prevent, not to correct, errors. *Id.* Accordingly, "[a] writ of prohibition will not issue to prevent the commission of error, take the place of an appeal, or serve as a writ of review for the correction of an error." *Id.* (citing *State ex rel. N.Y. Cas. Co. v. Superior Court,* 31 Wn.2d 834, 838-39, 199 P.2d 581 (1948)).

A writ of prohibition may be issued "only when two conditions are met: '(1) [a]bsence or excess of jurisdiction, and (2) absence of a plain, speedy, and adequate remedy in the course of legal procedure.'" *Skagit County Pub. Hosp.*

---

brief, is denied as an improper attempt to supplement the record without complying with the rules of appellate procedure. *See* RAP 9.11; 10.3(a)(8) and (c).

*Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1,* 177 Wn.2d 718, 722-23, 305 P.3d 1079 (2013) (quoting *Kreidler v. Eikenberry,* 111 Wn.2d 828, 838, 766 P.2d 438 (1989)).  If either condition is not met, the writ will not be issued.  *Id.*

Benshoof filed his petitions for writs of prohibition asserting that the writ was warranted in each of his four matters because the Seattle Municipal Court lacked jurisdiction over him; an absence of jurisdiction.  However, our state's highest court has plainly held that whether a court lacks jurisdiction to take the action the petitioner seeks to prohibit is only half of the inquiry.  *Skagit County Pub. Hosp.,* 177 Wn.2d at 722-23.  Benshoof was also required to demonstrate that he lacked a plain, speedy, and adequate remedy at law.  *Id.*  That there may have been some delay, expense, annoyance, or hardship is not sufficient to show that he lacked an adequate remedy.  *City of Moses Lake v. Grant County Boundary Rev. Bd.*, 104 Wn. App. 388, 392, 15 P.3d 716 (2001).  Rather, "'[t]here must be something in the nature of the action that makes it apparent that the rights of the litigants will not be protected or full redress will not be afforded without the writ.'"  *Id.* (quoting *City of Kirkland v. Ellis,* 82 Wn. App. 819, 827, 920 P.2d 206 (1996)).

Beyond his conclusory assertion that the municipal court refused to hear his motions, Benshoof did not address whether he lacked an adequate remedy in his petitions.  Benshoof similarly fails to engage in the relevant analysis on appeal from the denial of his petitions for writs.  In each of the four superior court matters, the court entered a finding of fact that Benshoof "has access to remedies for any errors in the [Seattle Municipal Court] case by appeal or through resort to remedies such as actions for injunctive and declaratory relief in state or federal courts."

Although Benshoof designated the findings of fact and conclusions of law in each of his notices of appeal generally, he did not assign error to any of the court's findings of fact concerning his available remedies. "Unchallenged findings are verities on appeal." *Mueller v. Wells,* 185 Wn.2d 1, 9, 367 P.3d 580 (2016). Accordingly, we must accept as true the superior court's finding that Benshoof had adequate remedies available to him. More critically, the trial court's finding in that regard is amply supported by the record. Benshoof fails to establish that he could not have presented his jurisdictional challenges in the proceedings via a motion to dismiss.

Because Benshoof had an adequate remedy in his criminal cases, a writ of prohibition was not warranted in any of the four matters. The superior court did not abuse its discretion when it denied Benshoof's petitions.

Affirmed.

_____

WE CONCUR:

_____     _____
Feldman, J.                   Chung, J.