[No. 7361-3-I. Division One. May 27, 1980.]

ANN BROWN, ET AL, *Appellants,* v. SUPERIOR UNDER-WRITERS, ET AL, *Defendants,* MUTUAL OF ENUMCLAW INSURANCE COMPANY, *Respondent.*

304

*Halverson, Strong, Moen & Chemnick* and *Eugene Moen,* for appellants.

*Stafford, Frey & Mertel* and *Stephen Larson,* for respondent.

DURHAM, J.—Plaintiffs Ann Brown, Joanne Ward and Tamara Turner (Brown) commenced this action for discrimination against Mutual of Enumclaw Insurance Company (Enumclaw) for failure to issue a homeowners insurance policy to unrelated co–owners in violation of RCW 48.30.300 and 49.60.178.

The essential facts of the case may be gleaned from the following undisputed findings of fact:

On December 15, 1970, the plaintiffs contributed an equal amount and purchased a residence at 1931 East Calhoun Street, Seattle, Washington. The Deed of Trust was issued in the name of plaintiff Ann Brown only.

Finding of fact No. 2.

On November 2, 1973, the plaintiff Ann Brown applied for and was issued a policy of homeowners insurance through defendant Mutual of Enumclaw Insurance Company. Ann Brown was the only named insured on the

policy which primarily provided for the following coverage:
1) fire and casualty coverage on the dwelling;
2) unscheduled personal property;
3) theft, both on and off premises; and
4) personal liability protection both on and off premises.

On March 22, 1975, the plaintiffs entered into an agreement to create a joint tenancy wherein plaintiffs Joanne Ward and Tamara Turner acquired a legal interest as joint owners with plaintiff Ann Brown in said premises.

Finding of fact No. 3.

Thereafter, having received notice of the change of legal ownership of the residence, defendant refused to renew the policy of homeowners insurance then in effect and refused to issue a policy of homeowners insurance naming the parties as joint insureds for the same premium. . . . Defendant did, however, offer to issue a policy of insurance jointly to the plaintiffs which would have covered the dwelling and premises liability and offered to issue separate policies to each of the plaintiffs which would have covered theft and personal liability features.

Finding of fact No. 5. Under these facts, the trial court concluded that Enumclaw's failure to renew the homeowners insurance policy was not based on sex or marital status and dismissed the action.

Initially, Brown contends that Enumclaw's failure to issue a homeowners insurance policy to unrelated co-owners residing together constitutes discrimination based on marital status in violation of RCW 48.30.300 and 49.60.178. Enumclaw, on the other hand, argues that its decision not to issue a homeowners policy to all three individuals was based on the fact that the parties were unrelated and the potential liability was significantly increased without a corresponding increase in premium payments.

When a trial court bases its findings of fact on conflicting evidence and there is substantial evidence to support them, an appellate court will not substitute its

judgment even though it might have resolved the factual dispute differently. *Beeson v. Atlantic–Richfield Co.,* 88 Wn.2d 499, 563 P.2d 822 (1977). Substantial evidence is said to exist if it is sufficient to persuade a fair–minded, rational person of the truth of the declared premise. *Reynolds Metals Co. v. Electric Smith Constr. & Equip. Co.,* 4 Wn. App. 695, 483 P.2d 880 (1971). Our examination of the record goes no further than to determine whether there is substantial evidence to sustain the trial court's findings. *Stutz v. Moody,* 3 Wn. App. 457, 476 P.2d 548 (1970).

RCW 48.30.300 provides:

> No person or entity engaged in the business of insurance in this state shall refuse to issue any contract of insurance or cancel or decline to renew such contract because of the sex or marital status . . . of the insured or prospective insured. The amount of benefits payable, or any term, rate, condition, or type of coverage shall not be restricted, modified, excluded, increased or reduced on the basis of . . . sex or marital status . . . These provisions shall not prohibit fair discrimination on the basis of sex, or marital status, . . . when bona fide statistical differences in risk or exposure have been substantiated.

RCW 49.60.178 provides:

> It is an unfair practice for any person whether acting for himself or another in connection with an insurance transaction to cancel or fail or refuse to issue or renew insurance to any person because of sex, marital status, . . .

Here, there is substantial evidence to support the trial court's finding that the refusal to issue a homeowners policy was not based on discrimination or marital status, but on the differences in risk and exposure. Generally, the insurer under a homeowners policy provides coverage for fire and casualty on the dwelling, for unscheduled personal property, theft, liability both on or off the premises and personal liability protection for the named insured both on and off the premises. By placing three named unrelated individuals on the policy, the risk to the insurer is substantially altered without the premium's being correspondingly

increased. Enumclaw agreed to insure the parties individually, but for an increased premium, which would have avoided increased exposure to additional liability claims. There is no evidence in the record which establishes that Enumclaw discriminated against Brown or refused to issue a homeowners insurance policy on the basis of marital status.

Affirmed.

CALLOW, C.J., and RINGOLD, J., concur.