[No. 14502-6-III.    Division Three.    December 3, 1996.]

WAYNE WAGGONER, ET AL., *Appellants,* v. ACE
HARDWARE CORPORATION, *Respondent.*

*David H. Putney* and *Putney Law Offices,* for appellants.

*Gary E. Lofland* and *Lofland & Associates,* for respondent.

MUNSON, J. — Washington law prohibits employment discrimination based on marital status. RCW 49.60.180. The courts have construed marital status discrimination

to include antinepotism policies applied to employees who are married to each other. *Kastanis v. Educational Employees Credit Union*, 122 Wn.2d 483, 859 P.2d 26, 865 P.2d 507 (1993). Ace Hardware has an antinepotism policy that applies to close relatives, married couples, and employees who date or cohabit. Upon obtaining evidence Wayne Waggoner and Kathy Cyr had been dating each other, Ace Hardware terminated their employment. The issue is whether their termination was employment discrimination based on marital status.

Mr. Waggoner and Ms. Cyr, both single adults, had been employed at the Ace Hardware Yakima distribution center for several years. The facility manager, Clem Spaeth, believed they had been dating in violation of company policy. Ace Hardware has an antinepotism policy which provides:

E. No close relative, co-habitor, or employee dating an Ace employee shall be hired or assigned into a position which falls under the chain-of-command or [sic] another close relative, co-habitor, or employee dating another employee.[1]

F. In cases where a relationship develops after employment, and that relationship or association violates policy, one of the employees must elect to change the work or personal relationship or association in a manner that conforms to policy within six months.

Mr. Waggoner and Ms. Cyr commenced this action, alleging their termination violated the employment discrimination statute, RCW 49.60.180. The trial court granted Ace Hardware's motion for summary judgment. The court determined an employer's action based on employees' dating or cohabitation does not constitute marital status discrimination. Mr. Waggoner and Ms. Cyr appealed.

No reported case in Washington addresses the question of whether an employment action based on a dating rela-

---

[1]Because the trial court did not reach the "chain of command" or supervisory issue, we do not have that before us.

tionship between fellow employees constitutes discrimination based on marital status. Several cases involving cohabitation are reported in Washington. These cases are only marginally helpful.

One housing discrimination case, *Loveland v. Leslie*, 21 Wn. App. 84, 583 P.2d 664 (1978), *review denied*, 91 Wn.2d 1022 (1979), held a landlord's refusal to rent to an unmarried couple was discrimination based on the absence or existence of a marital relationship, and therefore constituted discrimination based on marital status. Ace Hardware's antinepotism policy applies equally to married employees and dating or cohabiting employees, and thus does not discriminate on the basis of marital status. On the other hand, application of the antinepotism policy to married couples would be unlawful. Allowing Ace Hardware to apply the policy to unmarried couples which it is prohibited from applying to married couples is, in effect, discrimination based on the absence of a marital relationship.

Another housing discrimination case, *McFadden v. Elma Country Club*, 26 Wn. App. 195, 613 P.2d 146 (1980), held a country club's refusal to permit an unmarried couple to purchase a home on the club's property was not marital status discrimination. The *McFadden* court reasoned marital status is a personal attribute while cohabitation applies to couples, not individuals. In the context of employment, however, the court has disapproved an antinepotism policy based on the identity of the employee's spouse. *Kastanis*, 122 Wn.2d 483; *Washington Water Power Co. v. Human Rights Comm'n*, 91 Wn.2d 62, 586 P.2d 1149 (1978). "[T]he discharge of an employee . . . because his or her spouse works for the employer necessarily involves an examination of an employee's marital status and therefore is discrimination based upon such status." *Washington Water Power Co.*, 91 Wn.2d at 68. The discharge of an employee because he cohabits with another employee similarly involves examination of the employee's marital status and therefore is discrimination based on such status.

Finding little guidance in reported cases, we hold the purpose of prohibiting marital discrimination in employment is to prevent an employer's unnecessary intrusion into an employee's private affairs such as sexual relationships and living arrangements. Use of an antinepotism policy to justify employment practices on the basis of dating or cohabitation violates the prohibition.

Finally, an insurance discrimination case, *Brown v. Superior Underwriters*, 30 Wn. App. 303, 632 P.2d 887 (1980), sustained a trial court determination that an insurer's refusal to issue a single homeowner's policy to unrelated co-owners was not discrimination based on marital status. The court treated the issue as factual and determined the record supported finding the circumstances created an increased risk to the insurer.

Here, Ace Hardware argues its policy is based on a bona fide business necessity. Business necessity is a recognized exception to the prohibition of marital status discrimination. *Kastanis*, 122 Wn.2d at 492. A supervisory relationship between employees is recognized as a basis for claiming business necessity as a defense. WAC 162-16-150(3)(b). Ace Hardware alleges Mr. Waggoner's responsibilities included direct supervision of Ms. Cyr. The trial court did not reach the business necessity exception, having ruled unmarried couples are not protected by antidiscrimination prohibitions. Nor does Ace Hardware argue that this court can decide, as a matter of law, whether the discriminatory policy is actually based on "a compelling and essential need to avoid business-related conflicts . . . ." WAC 162-16-150(2). This issue is factual and should be considered in the trial court on remand.

Discrimination against employees based on their dating relationship or cohabitation is a prohibited employment practice. The record contains sufficient evidence such discrimination occurred to preclude summary judgment. We reverse and remand for trial.

214

S<small>WEENEY</small>, C.J., and T<small>HOMPSON</small>, J., concur.

Reconsideration denied January 9, 1997.

Review granted at 132 Wn.2d 1001 (1997).