
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 APR 29  AM 10: 03

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

IN RE THE MARRIAGE OF:              )    No. 69896-6-I
                                    )
ELIZABETH MARIE PARKER,             )    DIVISION ONE
                                    )
                    Petitioner,     )    UNPUBLISHED OPINION
                                    )
         v.                         )
                                    )
JAMES BRIAN PARKER,                 )
                                    )
                    Respondent.     )    FILED: April 29, 2013

SPEARMAN, A.C.J. — James Parker appeals the trial court's determination that he failed to remove his ex-wife's name from their mortgage "forthwith," as was required by an amendment to their Decree of Dissolution. Because the trial court's findings of fact are supported by substantial evidence in the record, and those findings in turn support the court's conclusions of law, we affirm.

## FACTS

James and Elizabeth Parker divorced in February 2007. The decree of dissolution of marriage awarded the family home to the parties as tenants in common, and the home was to remain on the market until sold. James was required to pay the mortgage, taxes, and insurance until sale. James became

delinquent in support obligations under the decree, eventually resulting in three separate judgments against him.

The house did not sell for over a year. In December 2008, the parties agreed to amend the decree. The amended decree provided that James was to purchase Elizabeth's interest in the home and cause her name to be removed from the mortgage "forthwith."[1] He was also to transfer ownership of his 401(k) to Elizabeth. Elizabeth was to forgive James' obligation to pay the judgments against him. The amended decree also provided that should James not comply with its provisions, "the judgments will be reinstated pursuant to a motion on the court's motion docket." CP 55.

At trial, a lender testified she had agreed to provide James with a loan to purchase Elizabeth's interest, but that she required a quitclaim deed. Additionally, she testified she told James the opportunity for financing would expire in mid-January 2009. According to James, this is why he asked Elizabeth to sign a quitclaim deed. The parties disputed whether Elizabeth understood the deed was necessary for James to obtain the loan.

---

[1] The amended decree provides:

> The title to the home shall be transferred to the husband in "as is" condition and he shall forthwith cause the wife's name to be removed from the underlying mortgage, freeing her from responsibility therefrom, and in any event he shall hold her harmless from such obligations, including but not limited to any costs, attorneys fees and any other loss or damage as a result of any default on the obligation.

Clerk's Papers (CP) at 55.

Elizabeth provided James with a quitclaim deed in April 2009, although the deed was inadvertently defective. James did not obtain financing and did not purchase Elizabeth's interest. As such, James did not cause Elizabeth's name to be removed from the mortgage until the house was sold on the market two years later, in June 2011.

After the house sold, James moved to have funds from the sale of the house disbursed to him. On grounds that James had failed to comply with the amended decree, Elizabeth moved for entry of judgment for back support and attorney fees, i.e., the judgments against James specified in the amended decree. The trial court conducted hearings on the motions, and concluded a trial was necessary. The trial occurred on August 8, 2012. The trial court ruled in favor of Elizabeth, reinstating the judgments against James, to be paid out of the proceeds of the sale of the house. James appeals the trial court's findings of fact and conclusions of law.

## DISCUSSION

We review challenged findings of fact for substantial evidence, defined as quantum of evidence sufficient to persuade a rational fair-minded person the premise is true. Sunnyside Valley Irr. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003); Wilson v. Wilson, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). This court's review is deferential. We view the evidence and all reasonable inferences in the light most favorable to the prevailing party. Korst v. McMahon,

136 Wn. App. 202, 206, 148 P.3d 1081 (2006). When a trial court bases its findings of fact on conflicting evidence and there is substantial evidence to support the findings entered, we do not reweigh the evidence and substitute our judgment even though we might have resolved the factual dispute differently. Wilson, 165 Wn. App. at 340; In re Marriage of Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999); Brown v. Superior Underwriters, 30 Wn. App. 303, 305-06, 632 P.2d 887 (1980). Regarding challenged conclusions of law, we review whether they are supported by the findings of fact. Hegwine v. Longview Fibre Co., Inc., 132 Wn. App. 546, 555, 132 P.3d 789 (2006).

The central issue in this appeal is whether James removed Elizabeth "forthwith" from the mortgage on the family home as was required by the amended decree. Although James challenged three findings of fact and five conclusions of law covering a range of issues, the sole argument in his briefing is that he did, in fact, remove Elizabeth "forthwith" because the parties intended for Elizabeth to provide a quitclaim deed before he was required to remove her name from the mortgage. Thus according to James, the two-year delay in finally removing her name from the mortgage was caused by her failure to timely provide a quitclaim deed, and the trial court's findings and conclusions to the contrary were erroneous.

An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant

parts of the record." RAP 10.3(a)(6). As such, we decline to review those findings that James did not brief, and instead review only those portions of the findings that bear upon the issue James briefed, i.e., whether the parties intended a quitclaim deed to be a condition precedent to James removing Elizabeth from the mortgage:

> 3. While the Respondent claims that he had secured refinancing for the above-referenced mortgage, the Petitioner was not effectively notified of that fact in such a fashion that would cause her to timely execute a Quit Claim Deed to the property, allowing the refinance to close. The Petitioner should not have been expected to deliver a Quit Claim Deed to the Respondent without some sort of mechanism to insure the simultaneous release of her obligation on the mortgage, such as by deliver[y] of the deed to an escrow agent.
>
> . . .
>
> 5. As between the parties, the Respondent had a duty to make certain that a Quit Claim Deed could be delivered in a fashion that also resulted in the simultaneous relief from the mortgage for the Petitioner. Despite his attempts to do that, he failed.

CP at 36-37.

We conclude that these findings are supported by substantial evidence in the record. Elizabeth testified that from the time she agreed to the Amended Decree, she was "ready to deliver" the deed, and that she would do so "simultaneously" with being removed from the mortgage. Verbatim Report of Proceedings (VRP) (8/8/11) at 108. She also testified she would have given James a quitclaim deed, but only if she knew her name "was going to be simultaneously coming off the mortgage." Id. at 111-12. She further testified she received no communication from the lender on the topic of the loan or quitclaim

5

deed. Id. at 109. Viewed in a light most favorable to Elizabeth, this testimony is sufficient to persuade a fair-minded, rational trier of fact that Elizabeth did not intend that the Amended Decree would require her to provide James with a quitclaim deed before he removed her name from the mortgage.

James contends other portions of Elizabeth's testimony, as well as his own testimony, indicates the parties intended otherwise. But again, this court does not re-weigh the evidence or assess credibility, nor do we substitute our judgment for that of the trial court; rather, our purview is simply to examine whether, viewed in a light most favorable to the prevailing party, there is evidence in the record to support the trial court's findings. Sunnyside Valley, 149 Wn.2d at 879; Wilson, 165 Wn. App. at 340; Korst, 136 Wn. App. at 206; Brown, 30 Wn. App. at 305-06.

James also cites Williams v. Continental Sec. Corp., 22 Wn.2d 1, 153 P.2d 847 (1944), where the Supreme Court interpreted the meaning of "forthwith" as it was used in Rem.Rev.Stat. § 590, a statute which related to a sheriff's sale of real property. In that case, the court held the term generally "'does not mean 'instantaneously,' or 'without any interval of time,' but, rather, means 'as expeditiously as under the circumstances is reasonably possible.'" Williams, 22 Wn.2d at 13. James makes no argument, however, as to why a two year delay in complying with the amended decree is a reasonable period of time. Indeed, in

Williams, the delay held reasonable by the court was merely forty-three minutes for a bidder to produce $33,000. Id. at 13-14. Williams is of no help to James.

Finally, the trial court's findings of fact support the challenged conclusions of law: that James' obligation to remove Elizabeth from the mortgage "forthwith" meant he had a duty to ensure "she would be simultaneously relieved from the underlying mortgage" (Conclusion of Law 2, CP at 36); that James "had the primary duty to make certain that the mortgage relief was done simultaneously with the delivery of the Quit Claim Deed" (Conclusion 3); that because James' failed to remove Elizabeth "forthwith," the Amended Decree required reinstatement of the judgments against James (Conclusion 4); that in light of the reinstated judgments, James owed Elizabeth $18,970 plus $5803.89 in interest (Conclusion 5); and that Elizabeth was entitled to be paid this money from the funds held in escrow from the sale of the house (Conclusion 6).

Elizabeth has requested attorney fees on appeal. We have the discretion to order a party to pay the other party's attorney fees and costs associated with the appeal of an action arising out of RCW 26.09. RCW 26.09.140. "In exercising our discretion, we consider the arguable merit of the issues on appeal and the parties' financial resources." In re Marriage of C.M.C., 87 Wn. App. 84, 89, 940 P.2d 669 (1997) (citing In Re Marriage of King, 66 Wn. App. 134, 139, 831 P.2d 1094 (1992)). The trial court awarded Elizabeth attorney fees below, and she has filed a financial declaration attesting that she does not have the ability to pay her

7

attorney fees. In light of the trial court's award, Elizabeth's declaration, and James' failure to respond on this issue, we grant Elizabeth's request for attorney fees on appeal, upon her timely compliance with RAP 18.1(d)

Affirmed.

_Spec(man,_ A.C.J.

WE CONCUR: