**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Filed
Washington State
Court of Appeals
Division Two

August 29, 2023

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HWAYO JENNY GALASSI and MICHAEL GALASSI wife and husband,<br><br>Appellants,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC., A Foreign Limited Liability Company,<br><br>Respondent. | No. 56715-6-II<br><br><br><br>ORDER GRANTING MOTION TO PUBLISH AND PUBLISHING OPINION |

Appellants, Hwayo and Michael Galassi, filed a motion to publish this court's opinion filed on July 5, 2023 pursuant to RAP 12.3(e). Respondent, Lowe's Home Centers, LLC, filed a response on August 10, 2023. After consideration, the court grants the motion. It is now

**ORDERED** that the final paragraph in the opinion which reads "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered." is deleted. It is further

No. 56715-6-II

**ORDERED** that the opinion will now be published.

**PANEL:** Jj. Maxa, Lee, Che

**FOR THE COURT:**

_____
Che, J.

We concur:

_____
Maxa, P.J.

_____
Lee, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HWAYO JENNY GALASSI and MICHAEL GALASSI wife and husband, | No. 56715-6-II |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| LOWE'S HOME CENTERS, LLC., a Foreign Limited Liability Company, | |
| Respondent. | |

CHE, J. — Hwayo Galassi appeals the grant of summary judgment in favor of Lowe's Home Centers, LLC (Lowe's) in her premises liability lawsuit. Galassi saw a roll of wire fencing laying askew on a shelf roughly six feet high behind a stop bar while shopping. Galassi desired to purchase the roll. But as soon as Galassi touched the roll of fencing, it immediately fell off the shelf and landed on her foot. Galassi filed a premises liability lawsuit against Lowe's to recover from the injuries she sustained in the incident.

We hold that there was a genuine issue of material fact regarding whether the *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 40, 666 P.2d 888 (1983), exception to traditional notice requirements applies, and Lowe's was not entitled to judgment as a matter of law. We decline to

No. 56715-6-II

review the moot issue of whether Thurston County Local Rule (TCLR) 56(1) is impermissibly inconsistent with Civil Rule (CR) 56(c). Consequently, we reverse the summary judgment order.

FACTS

Galassi went to Lowe's to shop for wire fencing. She located a 2 foot by 2 foot roll of wire fencing on a shelf, roughly 6 feet above the floor. The shelf had a stop bar. The roll of wire fencing lay askew. Galassi alleged that as soon as she touched the roll of fencing, it immediately slid off the shelf and landed on her foot.

Galassi filed a premises liability lawsuit against Lowe's.[1] Lowe's moved for summary judgment, arguing that it did not have actual or constructive notice of the unsafe condition, and the *Pimentel* exception to the notice requirement did not apply. In its motion, Lowe's relied on *McPherson v. Wal-Mart Stores*, Inc., No. 34696-0-III, slip op. at 1 (Wash. Ct. App. Dec. 14, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/346960_unp.pdf. But Lowe's did not identify the case as unpublished.

In support of its motion for summary judgment, Lowe's filed a declaration by Tina Jenkins, a Lowe's garden center employee on the day of Galassi's injury. Jenkins stated (1) employees are trained to immediately correct improperly stocked items on display shelves, (2) employees do a safety walk at the beginning of the day searching for improperly stocked items, (3) she did not see any improperly stocked items on the wire fencing display shelf prior to

---

[1] Michael Galassi, Hwayo Galassi's husband, is a co-plaintiff seeking recovery for loss of consortium.

No. 56715-6-II

Galassi's incident, and (4) Galassi did not ask her for help before retrieving the wire fencing from the display shelf.

On November 1, 2021, Galassi filed a response in opposition to Lowe's motion for summary judgment. In reply, Lowe's argued that Galassi failed to timely file her response under TCLR 56(1), which required responses to summary judgment to be filed not later than 14 calendar days before the scheduled hearing. The motion was set to be heard on November 12, which meant Galassi's response was due on October 29.

At the summary judgment hearing, the trial court did not rule on whether Galassi's untimely response violated TCLR 56(1) because the hearing had been continued several times. Galassi noted that *McPherson* is unpublished. Galassi also emphasized that the roll of wire fencing fell on her foot five hours after the store opened, which would have been five hours after the safety walk allegedly occurred.

Before making its ruling, the trial court noted that it may consider *McPherson* as it is an unpublished case from 2017. The trial court granted summary judgment in Lowe's favor.

Galassi appeals the grant of summary judgment. [2]

---

[2] Galassi argues that summary judgment was inappropriate because the trial court considered an unpublished opinion cited in violation of GR 14.1. There is nothing in GR 14.1 that indicates that a court may no longer consider an unpublished opinion as persuasive because a party failed to note that the case was unpublished. Moreover, the proper remedy for a GR 14.1 violation is sanctions. *See Johnson v. Allstate Ins. Co.*, 126 Wn. App. 510, 519, 108 P.3d 1273 (2005). As such, Galassi's argument on this ground fails.

Lowe's also argues that we should dismiss the appeal because Galassi failed to timely file the opening brief. We decline to dismiss this appeal for failure to comply with our *Conditional Ruling of Dismissal* (July 26, 2022). Galassi complied with our ruling, and therefore, dismissal is unwarranted.

No. 56715-6-II

ANALYSIS

I. LEGAL PRINCIPLES

We review a grant of summary judgment de novo. *Johnson v. Liquor & Cannabis Bd.*, 197 Wn.2d 605, 611, 486 P.3d 125 (2021). Summary judgment is appropriate if, as a matter of law, there is no substantial evidence or reasonable inference supporting a verdict for the nonmoving party. *Id.* Substantial evidence exists "'if it is sufficient to persuade a fair-minded, rational person of the truth of the declared premise.'" *Id.* (quoting *Brown v. Superior Underwriters*, 30 Wn. App. 303, 306, 632 P.2d 887 (1980)). When determining whether summary judgment was appropriate, we view all the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Id.*

The plaintiff must establish the following elements to support a negligence action: "'(1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury.'" *Id.* (quoting *Tincani v. Inland Empire Zoological Soc.*, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994)). Generally, "[F]or the possessor of land to be liable to invitees for the unsafe condition of his land, he must have actual or constructive notice of that unsafe condition." *Pimentel*, 100 Wn.2d at 44.

But "where the operating procedures of any store are such that unreasonably dangerous conditions are continuous or reasonably foreseeable, there is no need to prove actual or constructive notice of such conditions in order to establish liability for injuries caused by them." *Id.* at 40. Under the aforementioned exception, "[t]he plaintiff must still prove that defendant failed to take reasonable care to prevent the injury." *Id.* at 49. In its inception, the *Pimentel*

4

No. 56715-6-II

exception applied only to self-service businesses, but such a requirement no longer exists. *Johnson*, 197 Wn.2d at 618.

## II. APPLICATION OF REASONABLE FORESEEABILITY STANDARD

Galassi argues that there was a genuine issue of material fact regarding whether the *Pimentel* exception applied. We agree.

Here, it is undisputed that Lowe's had no actual or constructive notice of the dangerous condition. Therefore, Galassi must show substantial evidence supporting the application of the *Pimentel* exception. *Johnson*, 197 Wn.2d at 614. Specifically, Galassi must show "notice with evidence that the 'nature of the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable.'" *Id.* at 618 (quoting *Pimentel*, 100 Wn.2d at 49). Of note, the question of whether a party has presented sufficient evidence to warrant the application of the exception appears to have been mostly litigated in the context of slip and fall cases, rather than falling merchandise cases.

In *Pimentel*, a paint can fell from a shelf injuring a customer, and the customer sued the store for her injuries. 100 Wn.2d at 41. The defendant acknowledged the paint can overhung the shelf, the defendant's expert stated the paint can was dangerous, and there was proof of store policies that prohibited such displays. *Id.* "[T]he trial court instructed the jury that it must find actual or constructive notice of a dangerous condition in order to impose liability on defendant." *Id.* at 42. Because that instruction omitted the *Pimentel* exception language referenced above, our Supreme Court remanded for a new trial so that the jury would be instructed properly. *Id.* at 50.

5

No. 56715-6-II

Where a patron sued a mall for injuries caused by slipping on a smear while walking in a common area in a mall, our Supreme Court affirmed the summary judgment order dismissing the action because the patron failed to present sufficient evidence to warrant the application of the *Pimentel* exception. *Ingersoll v. DeBartolo, Inc.*, 123 Wn.2d, 649, 654-55, 869 P.2d 1014 (1994). The court held that evidence that there was "more than one food-drink vendor service in the mall, that some such vendors do not provide seating and that some patrons carry the products to benches for consumption" did not show that unreasonably dangerous conditions were reasonably foreseeable. *Id.* at 654. The court emphasized that there must be a relationship between the mall's methods of operation and the hazardous condition. *Id.* at 654-55.

Where a customer sued a store owner for injuries caused by slipping on clear soda, the court affirmed the summary judgment order dismissing the action as the customer failed to present sufficient evidence to warrant the application of the *Pimentel* exception. *Arment v. Kmart Corp.*, 79 Wn. App. 694, 700, 902 P.2d 1254 (1995). The court held that the affidavits of the customer and her husband—maintaining "that Kmart operates a restaurant in its Delridge store, that the restaurant has a soft drink dispenser and that the restaurant is in the same general area as the menswear department"—were insufficient as a matter of law to show unsafe conditions were reasonably foreseeable because there was no evidence the Kmart allowed or encouraged customers to carry drinks around the store, undercutting a connection between spills in the retail area and Kmart's mode of operation. *Id.* at 697-98.

In contrast, where a customer sued a grocery store after slipping on a piece of lettuce in the checkout aisle, the court reversed the summary judgment order dismissing the action as the customer presented sufficient evidence to warrant the application of the *Pimentel* exception.

6

No. 56715-6-II

*O'Donnell v. Zupan Enters., Inc.*, 107 Wn. App. 854, 859, 28 P.3d 799 (2001). The court held that the store's knowledge that items occasionally fell from carts during the checkout process and the store's maintenance policies to mitigate this hazard were sufficient facts to warrant the application of the *Pimentel* exception. *Id.* at 859.

We find the present facts most like *O'Donnell*, where the store's knowledge that items occasionally fell from carts during checkout and the store's maintenance policies to mitigate the hazards were sufficient to warrant application of the *Pimentel* exception such that granting summary judgment was improper. 107 Wn. App. at 859. There are two key pieces of evidence—Galassi's testimony about the askew roll of wire fencing falling on her when she touched it and Jenkin's declaration that associates are trained to immediately correct improperly stocked items on display and do a safety walk at the beginning of the day.

Viewed in the light most favorable to Galassi, a trier of fact could reasonably infer that storage of the wire fencing rolls nearly six feet above ground was an unreasonably dangerous condition. A trier of fact could also reasonably infer that the store's policy of immediately correcting improperly stocked items on display shelves and doing daily safety walks at the beginning of the day reflect Lowe's belief that improperly stocked items may fall from the display shelves and create unsafe situations or cause dangerous outcomes. Further, Lowe's daily practices could show that it implicitly knew that improperly stocked items were unsafe, and it was reasonably foreseeable that such items would fall.

Finally, Galassi appears to argue that we should adopt a rule that when a plaintiff bases their personal injury claim on falling merchandise, we should not require the plaintiff to show that the store's mode of operation made unsafe conditions reasonably foreseeable because the

7

No. 56715-6-II

risk of unreasonably dangerous conditions is inherent in storing items on shelves. We decline to adopt such a rule. The *Pimentel* exception is not a per se rule. *Johnson*, 197 Wn.2d at 615.

Viewing the evidence and all reasonable inferences in the light most favorable to Galassi, there is a genuine issue of material fact regarding whether the *Pimentel* notice exception applies, and Lowe's was not entitled to judgment as a matter of law. Whether the *Pimentel* exception applies is a question for the jury.

### III. LOCAL RULE CONFLICT WITH GENERAL CIVIL RULE

Galassi argues that TCLR 56(1) is invalid because it conflicts with CR 56(c). Galassi concedes that this issue is moot but argues that it is a matter of continuing and substantial public interest. We decline to reach this issue.

Where a court can no longer provide effective relief, the issue is moot. *Eyman v. Ferguson*, 7 Wn. App. 2d 312, 320, 433 P.3d 863 (2019). We may, in our discretion, review a moot issue when it involves "matters of continuing and substantial public interest." *Id.* We evaluate several factors in determining whether an issue involves such an interest:

> "(1) Whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur." A fourth factor may also play a role: "the level of genuine adverseness and the quality of advocacy of the issues." Lastly, the court may consider the "likelihood that the issue will escape review because the facts of the controversy are short-lived."

*Id.* (quoting *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 796, 225 P.3d 213 (2009)).

"[I]ssues of statutory interpretation are generally matters of substantial public interest." *Id.* at 322.

8

No. 56715-6-II

Under TCLR 56(1), "[t]he adverse party to a summary judgment motion may file and serve opposing affidavits, memoranda of law, or other documentation not later than 14 calendar days before the hearing."[3] In contrast, CR 56(c) provides, "[t]he adverse party may file and serve opposing affidavits, memoranda of law or other documentation not later than 11 calendar days before the hearing." As such, the nonmoving party must file their responsive documents in a summary judgment proceeding three days earlier under TCLR 56(1) than under CR 56(c).

Galassi timely filed her response to Lowe's summary judgment motion under CR 56, but untimely under TCLR 56(1). Consequently, Lowe's asked the trial court to grant summary judgment in its favor because Galassi failed to comply with the local rule. But the trial court delayed the summary judgment hearing, making Galassi's response timely under both rules. As such, the timeliness issue regarding Galassi's response is moot.

Lowe's does not respond to this issue on appeal, and thus provides no argument supporting or undermining Galassi's argument that the local rule should be invalidated. And Lowe's did not press the issue at the summary judgment hearing. As such, this factor weighs against reviewing the moot issue of whether TCLR 56(1) is inconsistent with CR 56(c). We exercise our discretion to decline to invalidate a local rule on a moot issue.[4]

---

[3] *Thurston Cty Super. Ct. Loc. Ct. Rules* at 26-27 (Sept. 1, 2022), https://s3.us-west-2.amazonaws.com/thurstoncountywa.gov.if-us-west-2/s3fs-public/2023-02/SC_Thurston_County_Superior_Court_Local_Court_Rules_2022.pdf.

[4] TCLR 56(1) restricts the time the nonmoving party has to file responsive documents under CR 56(c). Thurston County Superior Court should consider reviewing its local rule.

9

No. 56715-6-II

CONCLUSION

We reverse the summary judgment order and remand the matter for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Lee, J.