[No. 41305-8-I. Division One. January 19, 1999.]
MATT TORNETTA, *Appellant*, v. ALLSTATE INSURANCE COMPANY, *Respondent*.

---

*Steven J. Chance* of *Simonarson, Visser, Zender & Thurston*, for appellant.

*Rick J. Wathen* of *Clarke Bovingdon Cole*, for respondent.

APPELWICK, J. — Matt Tornetta appeals the trial court's summary judgment dismissal of his bad faith, consumer protection act and contract claims against his insurer, Allstate Insurance Company.

## FACTS

Matt Tornetta had both auto and renter's insurance through Allstate. Approximately two weeks after purchasing the renter's insurance, Tornetta's car was stolen and several items were stolen from it. At the time he purchased the renter's policy, Tornetta had also purchased optional coverage for certain jewelry items. Coverage on two items

of jewelry would be effective only upon Allstate's receipt of certified appraisals. This optional coverage went into effect the same day the car was stolen.

Allstate paid for damages to the car under the auto policy. Tornetta filed a claim for the stolen contents of the car under his renter's policy. After three months of investigation, Allstate denied the claim. During the investigation Allstate interviewed Tornetta three times, spoke with the jeweler from whom Tornetta had requested an appraisal for the jewelry, spoke with and received documentation from both Jerry's Loans (regarding value of the jewelry) and Sports Car International (regarding the tires and wheels, for which Tornetta claimed he paid extra). Allstate had the following information prior to denying coverage:

- Tornetta twice told them he was the only person residing at the insured premises before finally admitting he had two roommates. Tornetta later claimed he had told the agent who sold him the policy that he had two roommates and that the agent told him not to worry, he'll just write one big policy instead of three.

- He twice told them he was currently employed at Hart's Athletic Club before finally admitting that he had not worked there in several months.

- He first told them he had paid for the Rolex watch with cash and the credit from another Rolex he traded in. He later told them that $1,000 of the watch's price was charged to his girl friend's credit account.

- He first told them the shotgun was a gift from a friend. He later told them he got the shotgun in trade for a handgun from an acquaintance whom he did not know well. He told them he did not have the address or phone number of this acquaintance, but later said he had phoned the man immediately after the theft to let the man know he should complete the registration paperwork so the gun would no longer be registered in the acquaintance's name (in the event the stolen gun was later used in a crime).

- He told them that the main reason he took out renter's insurance was because he had spent a lot of money on

wheels, rims and accessories for the car. The dealer told Allstate that the car had been sold with the wheels and rims.

- Allstate had a receipt from Jerry's Loan showing the jewelry was purchased four days before the theft for $1440, not the $4000 value Tornetta claimed. Although an Allstate adjuster had information suggesting that the receipt was incorrectly dated, putting them on notice that it might be falsified, Allstate confirmed in a follow-up letter to Tornetta that one of the reasons for denial of the claim was the discrepancy in the value of the jewelry. Tornetta claims he provided a certified appraisal for the jewelry, but no such appraisal is in evidence. After Allstate denied coverage, and upon Tornetta's request, Jerry's Loans advised Allstate that the receipt had been falsified. They said Tornetta had come into their store four days before the theft and asked for an appraisal, telling them the jewelry had already been stolen.

Allstate denied coverage based upon the policy, which provides "We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance." Based upon the above information, Allstate concluded in a letter dated January 26, 1996, that Tornetta had misrepresented and concealed material facts, including but not limited to:

. . . information regarding the date of the claim, information regarding the facts and circumstances surrounding the claim, information regarding the ownership and the purchase of various items of property involved in the claim, information regarding prior loss history, information regarding the items claimed and value associated therewith, and information regarding the amount of the loss.

When Tornetta asked Allstate for more specific reasons for their denial of his claim, Allstate obliged, citing Tornetta's failure to disclose certain insurance claims, misrepresenting information about a prior auto break-in claim, misrepresentation about his employment status, and auto accessories which Tornetta claimed he purchased from Car

Toys but for which Car Toys had no record of transaction.
Upon Allstate's denial of the claim, Tornetta brought suit,
alleging breach of contract, bad faith, negligence and viola-
tion of the Consumer Protection Act (CPA). The bad faith,
negligence and CPA claims were dismissed on summary
judgment in February 1997. Eight months later the trial
court dismissed the contract claims on summary judgment.
This appeal timely followed.

## ANALYSIS

The appellate court reviews summary judgment orders
de novo, engaging in the same inquiry as the trial court
and assuming facts most favorable to the nonmoving party.
*Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030
(1982); *Gingrich v. Unigard Sec. Ins. Co.*, 57 Wn. App. 424,
428, 788 P.2d 1096 (1990). The burden is on the moving
party to show there is no genuine issue of material fact.
*Jacobsen v. State*, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977).

Reasonableness of Allstate's Investigation and Denial of
Coverage

Tornetta argues that the issue of the reasonableness of
Allstate's investigation is not properly before this court. He
argues that the reasonableness of Allstate's investigation is
a coverage or contract issue and that because Allstate did
not appeal the trial court's denial of its summary judgment
as to those issues, the court's denial of summary judgment
became the law of the case as to coverage and contract is-
sues. As further support for this theory, Tornetta claims he
prevailed in arbitration on the issue of the reasonableness
of Allstate's investigation and that Allstate also failed to
appeal the arbitration order. Tornetta essentially argues
that an order denying a motion for summary judgment
becomes the law of the case.

 Tornetta's theory is not persuasive. Neither the
arbitration award, nor any evidence of an arbitration
proceeding, is included in the record and we therefore do

not consider this argument. RAP 10.3(a)(5); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Nor can we agree that any order denying summary judgment becomes the law of the case absent a direct appeal in advance of a final order and judgment. Denial of a summary judgment motion is neither appealable nor final. *Zimney v. Lovric*, 59 Wn. App. 737, 740, 801 P.2d 259 (1990); *Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 103 Wn.2d 800, 801-02, 699 P.2d 217 (1985). A final order from which no appeal is taken becomes the law of the case. *State v. Sponburgh*, 84 Wn.2d 203, 208, 525 P.2d 238 (1974). The final order in this case was entered October 1997, when the trial court granted Allstate's summary judgment motion as to the coverage and contract issues. That order, a final order, was timely appealed, placing before this court the issue of the reasonableness of Allstate's investigation. The law of this case has therefore not yet been established.

We need not, however, determine whether Allstate's investigation was reasonable. Tornetta's fraud in obtaining the renter's policy and during the investigation of his claim prevents him from recovering under the policy and under the CPA.

An Insured's Fraud or Bad Faith

 The insurance policy which Allstate issued to Tornetta provided that it was void if obtained by misrepresentation, fraud or concealment of material fact. The trial court found that Tornetta misrepresented and concealed material facts with the intent to deceive in the policy application. Tornetta argues that the court improperly considered the application in making its determination. RCW 48.18.080(1) provides that an application for an insurance policy is inadmissible unless a copy of the application was attached to the policy when issued and delivered. There is no evidence in the record that the application was attached to the policy. However, Tornetta offered the document into evidence pursuant to ER 904. In the absence of a

timely objection, a document offered pursuant to ER 904 is deemed admitted. *Miller v. Arctic Alaska Fisheries Corp.*, 133 Wn.2d 250, 253, 944 P.2d 1005 (1997). Tornetta argues that he offered the application into evidence prior to Allstate's raising the issue of his misrepresentation on the application, and that he may not have offered the document had he known that Allstate would offer that defense. However, Tornetta provided two interviews, a statement under oath, and declarations in the summary judgment motions in which he admitted the information contained in the application. The information in the application was thus before the court, even without the application, so Tornetta suffers no harm in the admission of the application. Nor will this court create a rule limiting the scope of admissibility of a document so that a litigant may perpetrate a fraud. There is no issue of material fact as to Tornetta's intent to deceive Allstate in policy application. The policy was therefore void.

▮▮▮ Tornetta argues that his bad faith and CPA claims may go forward in the absence of coverage. Our Supreme Court has so held in the recent opinion *Coventry Assocs. v. American States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998). In *Coventry* the insurer conceded it acted in bad faith, while the insured conceded there was no coverage as a matter of law. The court held that an action for bad faith or CPA may still lie, but the insured must establish it was harmed. In the first party coverage context, no rebuttable presumption of harm arises. *Id.* at 284. If bad faith is found, damages are limited to "the consequential damages to the insured as a result of the insurer's breach of its contractual and statutory obligations." *Id.* Tornetta provides no evidence of such consequential damages.

▮▮▮ ▮▮ Nor may a plaintiff who has engaged in fraud pursue a bad faith or CPA claim. An insured's fraud is dispositive in such a case. "[T]he purpose of the CPA will not be served by awarding damages, attorney fees, and costs to [an insured] after he tried to perpetrate a fraud on [the

insurer]. . . . We need not further punish [the insurer] when to do so would provide a windfall to one guilty of fraud." *Mutual of Enumclaw Ins. Co. v. Cox*, 110 Wn.2d 643, 652, 757 P.2d 499 (1988); *Wickswat v. Safeco Ins. Co.*, 78 Wn. App. 958, 970-71, 904 P.2d 767 (1995).

Attorney Fees

Tornetta requests attorney fees on appeal, citing *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). Attorney fees under *Olympic S.S.* are available only when the insured prevails. *Tran v. State Farm Fire & Cas. Co.*, 136 Wn.2d 214, 961 P.2d 358 (1998); *Greengo v. Public Employees Mut. Ins. Co.*, 135 Wn.2d 799, 959 P.2d 657 (1998). Because he does not prevail on appeal, Tornetta is not entitled to attorney fees.

We affirm the trial court's decision.

KENNEDY, C.J., and GROSSE, J., concur.

Review denied at 138 Wn.2d 1012 (1999).