This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  **NO. 34,458**

**BENJAMIN GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler-Gray, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L Helen Bennett PC
Linda Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant, Benjamin Gonzales, appeals his convictions for arson. We issued

a notice of proposed summary disposition proposing to affirm on April 21, 2015. Defendant filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}     In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient to support his conviction for arson, contrary to NMSA 1978, Section 30-17-5(A) (2006). Defendant elaborates in his memorandum in opposition that the preliminary investigation into the fire demonstrated that there was no cause or exact origin found. [MIO 2] Defendant points to an apparent discrepancy between the amount listed as the estimated insurance payout ($6,000) and the charge of arson over $20,000. [MIO 2] Defendant also argues generally that the State's witnesses were not credible. [MIO 2]

{3}     "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. As we stated in our notice of proposed summary disposition, without a complete recitation of all the evidence and witness testimony presented at trial, we are unable to engage in a meaningful review

2

of Defendant's challenge to the sufficiency. Neither the docketing statement nor the memorandum in opposition provide such a recitation. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that counsel must set out all relevant facts in the docketing statement, including those that support the judgment below).

**{4}** However, we note that any conflicts in the evidence were for the factfinder to resolve and do not present a basis for reversal on appeal. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts."); *see also State v. Sarracino*, 1998-NMSC-022, ¶ 24, 125 N.M. 511, 964 P.2d 72 (observing that "although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence") (internal quotation marks and citation omitted)). Additionally, the credibility of the witnesses is for the factfinder to determine, and we do not substitute our judgment on appeal. *See State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333(noting that it is for the factfinder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence). Accordingly, we reject Defendant's challenge to the sufficiency of the evidence.

{5}     Defendant next argues that he received ineffective assistance of counsel. [MIO 3] As this issue was not raised in the docketing statement, we understand Defendant to raise it pursuant to a motion to amend the docketing statement. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that issues raised in a motion to amend must be viable). Defendant asserts that his counsel was ineffective by: (1) failing to conduct adversarial testing of the State's evidence, (2) failing to oppose the State's introduction of prior bad acts evidence, (3) subjecting him to an unwarranted competency evaluation, (4) failing to file any pleadings, (5) generally failing to engage in effective advocacy. [MIO 3-5] Defendant argues that, as a result of his counsel's deficient performance, he spent over a year in pre trial confinement, and was therefore presumptively prejudiced. [MIO 4]

{6}     There is a two fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove both prongs. *Id.* "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition,

4

although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

{7}     The record before us does not support Defendant's contention that he received ineffective assistance of counsel. We are unable, on this record, to determine whether independent testing of the State's evidence would have resulted in favorable evidence for Defendant. However, we note that counsel's alleged failure to adequately investigate does not establish ineffective assistance per se. Rather, Defendant is required to demonstrate how pretrial investigation would have altered the course of the proceedings. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (rejecting a claim of ineffective assistance based on counsel's alleged failure to investigate). Mere speculation that testing would have altered the course of the proceedings is insufficient, and the record before us contains no specifics. *See generally State v. Torres*, 2005-NMCA-070, ¶ 25, 137 N.M. 607, 113 P.3d 877 (rejecting a claim of ineffective assistance due to the defendant's failure to demonstrate with specificity how the defense was actually prejudiced).

{8}     Defendant also fails to identify with any degree of specificity on what basis motions should have been filed that were not, and Defendant fails to explain how he was actually prejudiced by counsel's failure to file motions. *See In re Ernesto M.*,

1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We also note that trial counsel is not ineffective for failure to make a motion that is not supported by the record. *See State v. Chandler*, 1995-NMCA-033, ¶ 35, 119 N.M. 727, 895 P.2d 249. As the record does not contain a statement of the evidence at trial, we also cannot determine whether the result of the proceedings would have been different had counsel objected to introduction of prior bad acts evidence. *See State v. Martinez*, 2007-NMCA-160, ¶ 19, 143 N.M. 96, 173 P.3d 18 (stating that if a defendant fails to show a reasonable probability that but for counsel's deficient performance the result of the proceedings would have been different then the presumption of effective assistance of counsel controls).

{9} Finally, we cannot determine on this record whether defense counsel's decision to request competency evaluations was below the standard of a reasonably competent attorney. We therefore hold that Defendant has failed to establish a prima facie case of ineffective assistance of counsel. *See State v. Powers*, 1990-NMCA-108, ¶¶ 5-7, 111 N.M. 10, 800 P.2d 1067 (stating that an insufficient factual basis precludes appellate review of a claim of ineffective assistance of counsel). However, although Defendant has failed to establish a claim of ineffective assistance of counsel, we reach this conclusion without prejudice to Defendant's pursuit of habeas corpus proceedings on this issue and the development of a factual record. *See State v. Gonzales*,

2007-NMSC-059, ¶ 16, 143 N.M. 25, 172 P.3d 162; *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]").

{10}     For these reasons, we affirm.

{11}     **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**M. MONICA ZAMORA, Judge**