IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Estate of <br><br> MARGARET RAI-CHOUDHURY | No. 77740-8-I <br><br> UNPUBLISHED OPINION <br><br> FILED: February 25, 2019 |

APPELWICK, C.J. — Khashon Haselrig argues the trial court erred when it determined he violated a no contest clause in his grandmother's will. As a result, he was disqualified from inheriting from her estate. We affirm.

FACTS

In July 2015, Margaret Rai-Choudhury met with attorney Steve Avery to prepare a will and other estate documents. She was 82 years old and recently had filed for dissolution from her husband, Prosenjit Rai-Choudhury. Margaret executed her will on July 21, 2015. It was attested by two witnesses. Both witnesses declared that Margaret appeared to be of sound mind and under no duress or undue influence.

The will declared that it was Margaret's intention to leave none of her property to Prosenjit or to their only child, Indira Rai-Choudhury. Instead, she made a specific bequest of $10,000 to Linda Borland. Of the probate estate residue, she left half to the University of British Columbia and half in trust for her grandson, Khashon Haselrig. She also included a no contest provision in her will, whereby a beneficiary who contests the will loses his or her interest in the estate. Margaret named Stephanie Inslee, a professional guardian, as her personal representative. Margaret had no later contact with

Avery to modify or revoke her will or other estate planning documents. The combined value of her assets was approximately $1,877,000. The bulk of her assets were nonprobate assets.

Margaret died on November 25, 2016. Inslee arranged for the body to be cremated, and the cremation was performed on December 6. The same day a neighbor notified Indira of Margaret's death. Khashon was at dinner with Indira when she found out. Indira called Avery on December 8, 2016. Avery informed her that he did not have the original will and would be filing the probate soon. Upset about the cremation and perceiving inaction on the estate, she began e-mailing with Avery and Inslee.

Unable to locate Margaret's original will, Avery filed a copy with Whatcom County Superior Court. He and the two witnesses to the will attested that it was a true and correct copy. On December 19, 2016, the court admitted the will to probate and appointed Inslee as personal representative.

On January 4, 2017, Avery e-mailed Indira asking for Khashon's address and telephone number. Indira responded that Khashon lived with her and that she would show him the e-mail. The will and probate documents were sent to Khashon by e-mail on January 7 and by mail on January 18, 2017.

On January 25, Khashon filed a motion for removal of the personal representative, appointment of a new personal representative, and revocation of testate probate. He argued that the will copy should not have been admitted to probate. He argued Inslee violated RCW 11.20.070, because she failed to prove that the will was not intentionally revoked and failed to provide required notice to interested parties before admitting the will to probate. Indira joined the motion.

At the hearing on February 10, 2017, Khashon's counsel argued that Inslee "need[s] to prove that she didn't intend to revoke her will. The will is lost, the law is clear on it, it's presumed to be revoked." Khashon's counsel further argued that "according, again, to the statute and to case law . . . Khashon was entitled to notice[ prior to admitting the lost will to probate] so that they can bring to the court the issue that there was a lost will." The court denied the motion. The order stated that "[n]o evidence has been submitted to this Court that the . . . Will was lost or destroyed under circumstances such that the loss or destruction had the effect of revoking the will. . . . [It] should be admitted to probate." Khashon did not request reconsideration or appeal this order.

On June 19, 2017, Khashon filed a "motion to void fraudulent admission of copy will, removal of personal representative, obtain full accounting and impose sanctions." (Formatting omitted.) On August 22, 2017, he filed a "motion to strike defendants' responses and receive default judgment in favor of plaintiff's motion to void fraudulent admission of copy will, removal of personal representative, obtain full accounting and impose sanctions." (Formatting omitted.) On August 25, 2017, the court denied the relief that Khashon sought in both motions, because "[t]hat issue was raised earlier in front of the Court at the appropriate time, and the Court made findings with respect to . . . the issues related to notice." Khashon moved for discretionary review, which was denied.

On September 20, 2017, Inslee filed a motion for judicial determination, arguing that Khashon's actions violate the no contest provision in Margaret's will and bar him from receiving any property from her estate. The trial court granted Inslee's motion for judicial determination on November 3, 2017, barring Khashon from inheriting from Margaret's estate. Khashon appeals.

DISCUSSION

Khashon appeals the judicial determination barring him from inheriting under Margaret's will. Khashon also argues that the trial court erred in admitting the will to probate under RCW 11.20.070. He contends that his probate court litigation was procedural, so it did not violate the will's no contest provision.

"[P]roceedings where a will is being challenged are equitable in nature and are reviewed de novo upon the entire record." In re Estate of Black, 153 Wn.2d 152, 161, 102 P.3d 796 (2004). An interested person may contest the validity of a probated will within four months following the probate by filing a will contest petition with the court. RCW 11.24.010. Generally, no contest clauses in wills are enforceable in Washington. In re Estate of Mumby, 97 Wn. App. 385, 393, 982 P.2d 1219 (1999). The no contest provision in Margaret's will is expansive:

> If a beneficiary named under this Will or one of my beneficiaries at law shall in any manner contest or attack this Will or any of its provisions, then in such event any share or interest in my estate given or passing to such contestant is hereby revoked. . . . This paragraph shall not be construed to apply to any action brought in good faith to interpret a provision of this Will which may be unclear or ambiguous.

Khashon's argument that RCW 11.20.070 was violated and that the will was improperly admitted to probate was considered by the trial court and rejected in its February 10, 2017 order. "[I]f a party contests the admission of the will to probate, generally that same party may not file a later will contest. The party's only remedy is to appeal the order admitting the will." Black, 153 Wn.2d at 170. Khashon did not appeal that order. It became final. "A final order from which no appeal is taken becomes the law of the case." Tornetta v. Allstate Ins. Co., 94 Wn. App. 803, 809, 973 P.2d 8 (1999). We

therefore decline to consider Khashon's arguments that the will was improperly admitted to probate.[1]

On June 19, 2017, Khason filed a "motion to void fraudulent admission of copy will, removal of personal representative, obtain full accounting and impose sanctions." (Formatting omitted.) Khashon argues his pleadings were merely procedural and not a will contest.

"A court may treat a motion as a will contest, even where the petitioner styles it otherwise." In re Estate of Finch, 172 Wn. App. 156, 162, 294 P.3d 1 (2012). In Finch, a personal representative sued a physician for medical malpractice. Id. at 159. The physician moved to dismiss the suit on the basis that the will appointing the personal representative was fraudulent, and was granted leave to intervene in the probate. Id. at 159, 161. This court reversed the order granting the physician leave to intervene, reasoning that the physician lacked standing to bring a will contest. Id. at 167. "These allegations—that Finch lacked the capacity to make a will . . . that he had not signed the will, and that the will was not properly witnessed—are precisely what a court considers in a will contest under RCW 11.24.010." Id. at 163. Khashon's pleadings were a challenge to the admission and validity of the will. Under Finch, Khashon cannot circumvent the no contest provision by styling his attack on the validity of the will as a procedural motion.

Khashon cites In re Estate of Little, 127 Wn. App. 915, 920, 113 P.3d 505 (2005) in support of his argument that he did not initiate a will contest. In Little, unnamed heirs

---

[1] Khashon makes several additional assignments of error, but fails to support those with argument in the brief. "An appellate brief should contain argument in support of every issue presented for review, including citations to legal authority and references to the relevant parts of the record." Farmer v. Davis, 161 Wn. App. 420, 432, 250 P.3d 138 (2011). "Lacking either, we will not consider this issue." Id.

who were not notified of the decedent's death moved the court to appoint a new administrator six years after the estate was closed. Id. at 918-19. The appellate court declined to apply the limitations period in the will contest statutes, reasoning that this action was more akin to the law of vacating judgments. Id. ("The heirs have not yet brought a will contest and the trial court has therefore had no occasion to apply the law that governs will contests."). But, this case is more like Finch than Little. Like the physician in Finch, Khashon sought to invalidate a lost will prior to the closure of probate, so his motion must be considered a will contest regardless of its label.[2]

The trial court did not err in concluding that that "[t]he pleadings filed by, and arguments made by, Khashon Haselrig, repeatedly contested and attempted to invalidate the Decedent's Last Will and Testament. . . . [They] violate the No Contest provision of Decedent's Last Will." Khashon makes no allegation that the will contest provision is unclear or ambiguous.

We affirm.

WE CONCUR:

_Appelwick C.J._

_Andrus, J._

_Dwyer, J._

---

[2] Khashon also cites three Washington cases that examine whether no contest clauses are operable where an individual brings an action in good faith, or on public policy grounds: In re Estate Chappell, 127 Wash. 638, 221 P. 336 (1923); In re Estate of Kubick, 9 Wn. App. 413, 419, 513 P.2d 76 (1973); In re Estate of Primiani, No. 34200-0-III, slip op. at 11-15 (Wash. Ct. App. May 2, 2017)(unpublished), http://www.courts.wa.gov/ opinions/pdf/342000_unp.pdf. But, Khashon does not make a discernable argument why he falls within safe harbor provision of the no contest clause, nor does he propose a public policy ground on which he attacks the will.

6